The Honorable Marsha J. Pechman

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DEBI HUMANN,<br><br>          Plaintiff,<br><br>    v.<br><br>CITY OF EDMONDS, a municipal corporation, and MICHEAL COOPER, in his individual and official capacities,<br><br>        Defendants. | CASE NO.: 2:13-cv-00101-MJP<br><br>JOINT STATEMENT OF DISPUTED INSTRUCTIONS |

Dated this 10th day of September, 2014

FRANK FREED SUBIT & THOMAS, LLP

By: /s/ Jillian M. Cutler
    Beth Barrett Bloom, WSBA #31702
    Jillian M. Cutler, WSBA #39305
    Attorneys for Plaintiff Debi Humann

KEATING BUCKLIN & McCORMACK, INC, PS

By: /s/ Jayne L. Freeman (via email approval)
    Jayne L. Freeman, WSBA # 24318
    Attorneys for City of Edmonds

TURNER KUGLER LAW, PLLC

By: /s/ John T. Kugler, (via email approval)
    John T. Kugler, WSBA # 1996
    Attorney for Defendant Micheal Cooper

## DISPUTED INSTRUCTION NO. 1

### CLAIMS AND DEFENSES
#### (Plaintiff's Proposed)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff  Debi Humann claims that on September 22, 2011 the Defendant City of Edmonds wrongfully terminated her from her position as Human Resources Director: (1) for reporting concerns to then-Mayor Micheal Cooper about his executive assistant's pay, attendance, and timesheets; and (2) for participating in a related Washington State Auditor's Office investigation.

Plaintiff Humann claims that Defendant Cooper made stigmatizing public statements about her in connection with her firing, which defamed her and deprived her of a liberty interest without due process under the Fourteenth Amendment.

On October 12, 2011, Plaintiff Humann filed a whistleblower complaint challenging her termination and seeking reinstatement and back pay.  Plaintiff Humann issued a press release about her termination and whistleblower complaint and made related statements in the press.  On November 22, 2011, the City of Edmonds eliminated funding for the Human Resources Director position from the 2012 City budget.  Plaintiff Humann claims that the City eliminated funding for the position in retaliation for her whistleblower complaint, press release, and related statements to the press in violation of the First Amendment.

On December 13, 2011, the newly-elected mayor, David Earling, decided to both reinstate Plaintiff Humann and lay her off two weeks later.  Plaintiff Humann claims that the City of Edmonds laid her off in retaliation for her whistleblower complaint and related statements to the press.  She claims that this action was a wrongful termination and a violation of the First Amendment.

Plaintiff Humann has the burden of proving each of her claims.

The defendants, the City of Edmonds and Micheal Cooper, deny these claims and further assert that Plaintiff Humann failed to mitigate her economic damages.

**Source:**  Ninth Circuit Model Jury Instruction 1.2

**Defendant's position:**  Defendants' proposed claims and defenses position is a simpler and more neutral statement and should be given instead.

## CLAIMS AND DEFENSES
### (Defendants' Proposed)

To help you following the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that:

1.      The Defendant City of Edmonds wrongfully terminated her employment   in September 2011;

2.      The defendants' statement relating to her termination from employment was false and defamatory;

3.      The defendants deprived her of a right to due process in connection with a statement that was made relating to her termination from employment;

4.      The Defendant City of Edmonds deprived her of First Amendment rights of free speech and to petition the government by adopting a budget for 2012 that eliminated funding for the position of Human Resources Director;

5.      The Defendant City of Edmonds retaliated against her for exercising First Amendment rights of free speech and to petition the government by laying her off in December 2011.

The plaintiff has the burden of proving these claims.  The defendants deny these claims and further assert that Plaintiff failed to mitigate her damages.

**Source:**  9th Cir. Model Civil Jury Instr. 1.2

**Plaintiff's Position:** This is a factually complicated case with multiple legal claims and parties. Plaintiff's claims and defenses instruction provides a neutral and accurate discription of the case with enough narrative detail to be meaningful to the jury and avoid juror confusion.  For example, without further context the jury will be immediately confused as to how Ms. Humann could be challenging both a September 2011 termination and a December 2011 lay off.   The defendants' proposal is also confusing because it does not include Ms. Humann's wrongful termination claim based on her December 2011 layoff.

DISPUTED INSTRUCTION NO. 2

AGENT & PRINCIPAL—INDIVIDUAL
CITY COUNCILMEMBERS

(Defendant City's Proposed)

Under the law, an individual City Councilmember cannot act alone as an agent of a City. A City Council can only take official action on behalf of the City by an affirmative vote of at least a majority of the whole membership of the Council.

RCW 35A.12.120 ("The passage of any ordinance, grant or revocation of franchise or license, and any resolution for the payment of money shall require the affirmative vote of at least a majority of the whole membership of the council").

RCW 35A.12.010 ("the government of a charter code city electing to adopt the mayor-council plan of government under this chapter shall be vested in an elected mayor and an elected seven-member council").

**Source:** *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1238-41 (9th Cir. 1994)(Under California law, Olsen did not have final decisionmaking authority because the City Council must adopt a general plan by a majority vote); *Lake Nacimiento Ranch Co. v. County of San Luis Obispo*, 841 F.2d 872, 878–79 (9th Cir.1987), cert. denied, 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988) (county supervisor who votes on issue even though he had a conflict of interest does not have authority to establish county policy where board of supervisors may only act by majority vote).

**(Plaintiff's Position:**

No instruction should be given.

Defendant's proposed instruction is unnecessary and will only confuse jurors. The only official action of the City Council at issue in this case is the Council's 5-1 vote to eliminate funding for the Human Resources Director position from the 2012 budget. It is undisputed that that action was taken by a majority vote of the Council. The jury may find that the Council's decision to eliminate funding for the Human Resources Director position violated the First Amendment if it finds that Plunkett proposed the amendment with a retaliatory motive and set in motion a vote that would not have otherwise occurred. *Gilbrook v. City of Westminster,* 177 F.3d 839, 855-56 (9th Cir. 1999). *See* Plaintiff's Proposed Instruction for Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice, or Custom – Elements and Burden of Proof.

## DISPUTED INSTRUCTION NO. 3

### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
(City of Edmonds – September 22, 2011 Termination)

(Plaintiff's Proposed)

Under Washington law, a clear public policy exists prohibiting retaliation against local government employees who report corruption or misuse of public funds. Plaintiff Humann alleges she was fired on September 22, 2011 in retaliation for questioning former Mayor Cooper about his executive assistant's pay, attendance, and timesheets and/or for assisting the Washington State Auditor's investigation.

To prevail on her wrongful discharge claim against the City of Edmonds based on her September 2011 termination, Plaintiff Humann must prove by a preponderance of the evidence that:

1. Plaintiff Humann had an objectively reasonable belief that the conduct she reported to Defendant Cooper and the Washington State Auditor constituted corruption or the misuse of public funds;

2. One or more of her acts of reporting corruption or misuse of public funds was a "substantial factor" in Defendant Cooper's decision to fire her; and

3. Discouraging Plaintiff Humann's report of corruption or misuse of public funds would jeopardize the public policy.

I instruct you that, if you find Plaintiff Humann had an objectively reasonable belief that the conduct she reported constituted corruption or the misuse of public funds, then discouraging Plaintiff Humann's actions would jeopardize the public policy.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision. "Substantial factor" also does not mean that Plaintiff Humann would have been terminated but for her protected conduct.

Under the substantial factor test, if the protected conduct was a significant or substantial factor in the employer's decision, the employer could be liable, even if the employee's conduct otherwise did not entirely meet the employer's standards.

If you find that Plaintiff Humann has met her burden of proving the elements of her claim, your verdict should be for Plaintiff Humann on this claim.  If, on the other hand, Plaintiff Humann has failed to prove her claim, your verdict should be for the City of Edmonds.

**Source:** WPI 330.01.01; WPI 330.05;  *Piel v. City of Federal Way*, 177 Wn.2d 604, 610, 306 P.3d 879 (2013); *Korslund v. DynCorp Tri-Cities Servs., Inc.*, 156 Wn.2d 168, 182, 125 P.2d 119 (2005) (determination of whether adequate alternative means to protect the public policy exist is a question for the court). *Renz v. Spokane Eye Clinic*, P.S., 114 Wn. App. 611, 621, 60 P.3d 106

(2002); *Allison v. Seattle Housing,* 118 Wn.2d 79, 821 P.2d 34 (1991) (holding that substantial factor test applies to public policy tort); *Dicomes v. State*, 113 Wn.2d 612, 617, 782 P.2d 1002 (1989); *Wilmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn.2d 46, 71, 821 P.2d 18 (1991). *Gardner v. Loomis Armored, Inc*., 128 Wn.2d 931, 948-49 (1996).

**Plaintiff's position:**

      The only dispute between the parties on the wrongful termination instruction involves the overriding justification language.  The overriding justification element is not a question for the jury. It is an affirmative defense that comes into play if the jury finds that public-policy linked conduct was a substantial factor in the termination and/or layoff at issue here.  It is then up to the Court – not the jury – to determine whether the City's asserted reasons for terminating and/or laying off Ms. Humann constitute an overriding justification that outweighs Washington public policy.  That is a policy decision to be made by the Court. *Gardner v. Loomis Armored, Inc*., 128 Wn.2d 931, 948-49 (1996) (Court must balance the public policies raised by Plaintiff against Loomis' legitimate interest in maintaining a safe workplace and determine whether those public policies outweigh Loomis's concerns). *See also* Henry H. Perritt, Jr., Employee Dismissal Law and Practice §§7.08 at 7-101 (5th ed., 2010 supplement) (judge retains control over the overriding justification balancing process).  The overriding justification element is not a same action defense that enables the City to argue that it would have reached the same termination decision in the absence of the plaintiff's public-policy-linked conduct.  Instead, it requires the Court to balance the City's reasons for its actions against Washington public policy. See Plaintiff's Trial Brief for further discussion.

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Defendant City of Edmonds—termination decision)**

**(Defendant City's Proposed)**

Under Washington law, a clear public policy exists prohibiting retaliation against local government employees who report corruption or misuse of public funds. Plaintiff Humann alleges she was fired on September 22, 2011 in retaliation for reporting corruption or misuse of public funds.

To prevail on her wrongful discharge claim against Defendant City of Edmonds based on her September 2011 termination, Plaintiff Humann must prove by a preponderance of the evidence that:

1. Plaintiff Humann had an objectively reasonable belief that the conduct she reported to former Mayor Cooper and the Washington State Auditor constituted corruption or the misuse of public funds;

2. One or more of her acts of reporting corruption or misuse of public funds was a "substantial factor" in Cooper's decision to fire her; and

3. Discouraging Plaintiff Humann's report of corruption or misuse of public funds would jeopardize the public policy.

I instruct you that, if you find Plaintiff Humann had an objectively reasonable belief that the conduct she reported constituted corruption or the misuse of public funds, then discouraging Plaintiff Humann's actions would jeopardize the public policy.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision. "Substantial factor" also does not mean that Plaintiff Humann would have been terminated but for her protected conduct.

Under the substantial factor test, if the protected conduct was a significant or substantial factor in the employer's decision, the employer could be liable, even if the employee's conduct otherwise did not entirely meet the employer's standards.

If you find that Plaintiff Humann has met her burden of proving the elements of her claim, your verdict should be for Plaintiff Humann on this claim.  If, on the other hand, Plaintiff Humann has failed to prove her claim, **or you find that the Defendant City of Edmonds had an overriding justification for terminating Plaintiff's employment,** your verdict should be for Defendant City of Edmonds. [Disputed language in bold].

**Source:**  *Cudney v. ALSCO*, 172 Wn.2d 524 (2011); *Korslund v. Dynacorp Tri-Cities Svcs*., 156 Wn.2d 168 (2005); *Blinka v. WSBA*, 109 Wn.App. 575, 5812, 36 P.3d 1094 (2001)(upholding jury's finding that employee's opposition activity so interfered with her job duties that she becasem ineffective in her job);   *Heiner v. Skagit Cty. Emerg. Med. Svs. Comm'n*,

2009WL2855722 (W.D.Wash. 2009)(fact that Plaintiff  made whistleblower complaint did not permit repeatedly raising same issues in and unprofessional manner).

**Plaintiff's Position:** The Court should give plaintiff's proposed wrongful termination instruction, not defendants' instruction.

## DISPUTED INSTRUCTION NO. 4

### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
### (City of Edmonds – December 31, 2011 Layoff)

### (Plaintiff's Proposed)

Under Washington law, a clear public policy exists prohibiting retaliation against former local government employees for filing a whistleblower complaint. Plaintiff Humann alleges she was laid off on December 31, 2011 in retaliation for filing her October 12, 2011 whistleblower complaint.

To prevail on her wrongful discharge claim against the City of Edmonds based on her December 2011 lay off, Plaintiff Humann must prove by a preponderance of the evidence that:

1. Her act of filing her whistleblower complaint was a "substantial factor" in Mayor Earling's decision to lay her off.

2. Discouraging Plaintiff Humann's from filing her whistleblower complaint would jeopardize the public policy.

I instruct you that discouraging Plaintiff Humann's from filing her whistleblower complaint would jeopardize the public policy. Therefore, you need only consider the first element.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision. "Substantial factor" also does not mean that Plaintiff Humann would have been retained but for her protected conduct.

Under the substantial factor test, if the protected conduct was a significant or substantial factor in the employer's decision, the employer could be liable, even if the employee's conduct otherwise did not entirely meet the employer's standards.

If you find that Plaintiff Humann has met her burden of proving the elements of her claim, your verdict should be for Plaintiff Humann on this claim.  If, on the other hand, Plaintiff Humann has failed to prove her claim, your verdict should be for the City of Edmonds.

**Source:** WPI 330.01.01; WPI 330.05;  *Piel v. City of Federal Way*, 177 Wn.2d 604, 610, 306 P.3d 879 (2013); *Korslund v. DynCorp Tri-Cities Servs., Inc.*, 156 Wn.2d 168, 182, 125 P.2d 119 (2005) (determination of whether adequate alternative means to protect the public policy exist is a question for the court). *Renz v. Spokane Eye Clinic*, P.S., 114 Wn. App. 611, 621, 60 P.3d 106 (2002); *Allison v. Seattle Housing*, 118 Wn.2d 79, 821 P.2d 34 (1991) (holding that substantial factor test applies to public policy tort); *Dicomes v. State*, 113 Wn.2d 612, 617, 782 P.2d 1002 (1989); *Wilmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn.2d 46, 71, 821 P.2d 18 (1991); *Gardner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 948-49 (1996).

**Plaintiff's position:**  The only dispute between the parties on the wrongful termination instruction involves the overriding justification language.  The overriding justification element is not a question for the jury. It is an affirmative defense that comes into play if the jury finds that public-policy linked conduct was a substantial factor in the termination and/or layoff at issue here.  It is then up to the Court – not the jury – to determine whether the City's asserted reasons for terminating and/or laying off Ms. Humann constitute an overriding justification that outweighs Washington public policy.   That is a policy decision to be made by the Court. *Gardner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 948-49 (1996) (Court must balance the public policies raised by Plaintiff against Loomis' legitimate interest in maintaining a safe workplace and determine whether those public policies outweigh Loomis's concerns).   *See also* Henry H. Perritt, Jr., Employee Dismissal Law and Practice §§7.08 at 7-101 (5th ed., 2010 supplement) (judge retains control over the overriding justification balancing process).   The overriding justification element is not a same action defense that enables the City to argue that it would have reached the same termination decision in the absence of the plaintiff's public-policy-linked conduct.   Instead, it requires the Court to balance the City's reasons for its actions against Washington public policy.  See Plaintiff's Trial Brief for further discussion.

**Defendants' position:**  See defendants' proposed instruction on this topic.

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Defendant City of Edmonds—Mayor Earling's lay-off decision)**

**(Defendant City's Proposed)**

Under Washington law, a clear public policy exists prohibiting retaliation against former local government employees for filing a whistleblower complaint. Plaintiff Humann alleges she was laid off on December 31, 2011 in retaliation for filing her October 12, 2011 whistleblower complaint.

To prevail on her wrongful discharge claim against Defendant City of Edmonds based on her December 2011 lay off, Plaintiff Humann must prove by a preponderance of the evidence that:

1. Her act of filing her whistleblower complaint was a "substantial factor" in Mayor Earling's decision to lay her off.

2. Discouraging Plaintiff Humann's from filing her whistleblower complaint would jeopardize the public policy.

I instruct you that discouraging Plaintiff Humann's from filing her whistleblower complaint would jeopardize the public policy. Therefore, you need only consider the first element.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision. "Substantial factor" also does not mean that Plaintiff Humann would have been retained but for her protected conduct.

Under the substantial factor test, if the protected conduct was a significant or substantial factor in the employer's decision, the employer could be liable, even if the employee's conduct otherwise did not entirely meet the employer's standards.

If you find that Plaintiff Humann has met her burden of proving the elements of her claim, your verdict should be for Plaintiff Humann on this claim. If, on the other hand, Plaintiff Humann has failed to prove her claim, **or you find that Defendant City of Edmonds had an overriding justification for Mayor Earling's decision to lay Plaintiff off,** your verdict should be for the City of Edmonds. [Disputed language in bold]

**Source:** *Cudney v. ALSCO*, 172 Wn.2d 524 (2011); *Korslund v. Dynacorp Tri-Cities Svcs.*, 156 Wn.2d 168 (2005); Heiner v. Skagit Cty. Emerg. Med. Svs. Comm'n, 2009WL2855722(W.D.Wash. 2009)(fact that Plaintiff made whistleblower complaint did not permit repeatedly raising same issues in and unprofessional manner).

**Plaintiff's Position:** The Court should give plaintiff's proposed wrongful termination instruction, not defendants' instruction.

## DISPUTED JURY INSTRUCTION NO.  5

### PRETEXT

### (Plaintiff's Proposed)

If you find that Defendants' asserted reasons for their actions with respect to Plaintiff Humann are unworthy of belief, then you may, but are not required to, infer that defendants acted on the basis of unlawful retaliation.

**Source:**

*Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000)
*Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981).
*St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502 (1993).
*Renz v. Spokane Eye Clinic*, P.S., 114 Wn. App. 611, 60 P.3d 106 (2002)
Fifth Circuit Model Jury Instruction 11.6.1 (2009) (Title VII—Retaliation) (modified)
Eighth Circuit Model Jury Instruction 5.20 (2013) (Definition of Pretext) (modified)

**Plaintiff's Position:**

Both *Burdine* and *Reeves* expressly hold that a plaintiff may prove that a defendant's articulated reason for its actions is a pretext for discrimination (or retaliation) by showing the defendant's proffered explanation is "unworthy of belief."  *Burdine*, 450 U.S. at 256; *Reeves*, 530 U.S. at 143, 146-47, *Hicks*, 509 U.S. at 511. The term is not a comment on the evidence but is the established legal standard in this area of the law for over 20 years.  Without this instruction, a jury will not be aware of this principle.  It is not covered in the general witness credibility or circumstantial evidence instructions.  Courts in other circuits routinely give pretext jury instructions in retaliation and discrimination cases.  *See e.g.* Fifth Circuit and Eighth Circuit model instructions.  *Browning v. United States,* 567 F.3d 1038 (9th Cir. 2009), stands for the limited proposition that *failing* to give a pretext instruction is not reversible error.  *Browning* does not hold that a pretext instruction should not be given.

---

**Defendants' position:** This instruction should not be given. "Pretext" is a legal term utilized only in the summary judgment context for purposes of a burden-shifting analysis of the evidence by the court to determine if it is sufficient to go to trial.  See, *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000).  The three cases cited by Plaintiff are summary judgment cases, not approving jury instructions. There is no 9th circuit or Washington authority approving jury instruction for "pretext" and to give one would be misleading.  The jury's role is to determine whether protected activity was a "substantial factor" in the Mayor's decision. The rest of the jury instructions regarding witnesses, burden of proof, and direct/circumstantial evidence allows Plaintiff to argue her theory of the case. .  Whether a party is "worthy of belief" applies equally to the plaintiff, but this instruction unduly frames the credibility issue as applying only to the defendants and/or emphasizes the issue of the defendant's credibility.

**DISPUTED INSTRUCTION NO.6**

**EMPLOYEE DISLOYALTY**

**(Plaintiff's Proposed)**

An employee's perceived disloyalty because she opposed unlawful activity is not an independent, legitimate basis for terminating her employment.

Source: *Selberg v. United Pacific Ins. Co*., 45 Wn. App. 469, 470-473 (1986).

**Plaintiff's Position:** It is well-established Washington law that an employee's perceived disloyalty because she opposed unlawful activity is, as a matter of law, not a legitimate basis for terminating her employment. *Selberg v. United Pacific Ins. Co*., 45 Wn. App. 469, 470, 473, 726 P.2d 468 (1986) ("Almost every form of 'opposition to an unlawful employment practice' is in some sense 'disloyal.' If discharge … may be imposed based simply on 'disloyal' conduct, it is difficult to see what opposition would remain protected."). Without this instruction the jury will not be aware of this principle. The jury would err if it concluded that Mayor Cooper's loss of trust in Ms. Humann arising from her reporting actions she reasonably believed to be corruption and the misuse of government funds is an independent, legitimate basis for the September 2011 termination decision at issue here.

**Defendants' position**: This instruction should not be given. It is a comment on the evidence. It also does not accurately state the law in light of the principle that when an employee's conduct in protest of alleged corruption or misuse of public funds so interferes with her job performance that it renders her ineffectual in the position for which she was employed, such conduct is not protected.

Source: Blinka v. WSBA, 109 Wn.App. 575, 5812, 36 P.3d 1094 (2001); *Selberg v. United Pacific Ins. Co*., 45 Wn. App. 469, 470-473 (1986).; *Hollingsworth v. Washington Mut. Sav. Bank, supra* 37 Wash.App. at 395, 681 P.2d 845 (citing *Hochstadt v. Worcester Found. for Experimental Biology, Inc., 545 F.2d 222, 232 (1st Cir.1976)*( In making this determination, the court must balance the setting in which the activity arose and the interest and motivations of both employer and employee ); see also Heiner v. Skagit Cty. Emerg. Med. Svs. Comm'n, 2009WL2855722(W.D.Wash. 2009)(fact that Plaintiff made whistleblower complaint did not permit repeatedly raising same issues in and unprofessional manner).

## EMPLOYEE DISLOYALTY

### (Defendant's Proposed)

When an employee's conduct in protest of alleged corruption or misuse of public funds so interferes with her job performance that it renders her ineffectual in the position for which she was employed, such conduct is not protected.

Source: Blinka v. WSBA, 109 Wn. App. 575, 5812, 36 P.3d 1094 (2001); *Selberg v. United Pacific Ins. Co*., 45 Wn. App. 469, 470-473 (1986).; *Hollingsworth v. Washington Mut. Sav. Bank, supra* 37 Wash.App. at 395, 681 P.2d 845 (citing *Hochstadt v. Worcester Found. for Experimental Biology, Inc., 545 F.2d 222, 232 (1st Cir.1976)*( In making this determination, the court must balance the setting in which the activity arose and the interest and motivations of both employer and employee ); see also Heiner v. Skagit Cty. Emerg. Med. Svs. Comm'n, 2009WL2855722(W.D.Wash. 2009)(fact that Plaintiff  made whistleblower complaint did not permit repeatedly raising same issues in and unprofessional manner).

   **Plaintiff's Position:** Defendants' instruction is taken out of context and should not be given to the jury.

## DISPUTED INSTRUCTION NO. 7
## PARTICULAR RIGHTS—FIRST AMENDMENT—PUBLIC EMPLOYEES—
## SPEECH/PETITIONING
### (Plaintiff's Proposed)

Plaintiff Humann has the burden to prove that the acts of a state actor deprived her of her First Amendment rights under the United States Constitution.  In this case, Plaintiff Humann alleges the City of Edmonds took two adverse employment actions against her in retaliation for one or more of the following acts: filing a whistleblower complaint, issuing a press release about her termination and whistleblower complaint, and/or making related statements to the press.

First, Plaintiff Humann alleges that the City of Edmonds deprived her of her First Amendment rights when the City Council eliminated funding for the Human Resources Director position to which she was seeking reinstatement.

Second, Plaintiff Humann alleges that the City of Edmonds deprived her of her First Amendment rights when Mayor Earling laid her off on December 31, 2011.

Under the First Amendment, a public employee has a qualified right to speak or petition on matters of public concern.  In order to prove the City deprived Plaintiff Humann of this First Amendment right, she must prove the following elements by a preponderance of the evidence:

1.  Plaintiff Humann spoke or petitioned as a citizen and not as part of her official duties;

2.  the speech or petition was on a matter of public concern;

3.  the City of Edmonds took adverse employment actions against her; and

4.  Plaintiff Humann's speech or petition was a substantial or motivating factor for the adverse employment actions.

I instruct you that Plaintiff Humann spoke or petitioned as a citizen when she filed her whistleblower complaint and made related statements to the press. I also instruct you that Plaintiff Humann's speech was on a matter of public concern.  Therefore, the first and second elements require no proof.  The jury should decide elements three and four.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in protected activity.  I instruct you that Mayor Earling's act of laying off Plaintiff Humann constituted an adverse employment action.

A substantial or motivating factor is a significant factor.

**Source:** Ninth Circuit Model Civil Jury Instructions No. 9.9 (modified) (Approved 4/2014).

**Defendants' position:**  Defendant's proposed instruction on this topic should be given instead.

**PARTICULAR RIGHTS—FIRST AMENDMENT—PUBLIC EMPLOYEES—SPEECH**
**(Defendant City of Edmonds based on City Council action)**

**(Defendant City's Proposed)**

As previously explained, the plaintiff has the burden to prove that the acts of the defendant the City of Edmonds deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the Defendant City violated her rights under the First Amendment to the Constitution when the City Council adopted the 2012 budget without funding for the Human Resources position.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern and petition government for redress. In order to prove the defendants violated her First Amendment rights, plaintiff Debi Humann must first prove by a preponderance of the evidence that:

    1.    She spoke as a citizen when she filed a complaint on October 12, 2011 and issued a press release challenging her termination;

    2.    The speech contained in her October 12, 2011 complaint and press release was on a matter of public concern;

    3.    Defendant City of Edmonds took an adverse employment action against her; and

    4.    This protected speech was a substantial or motivating factor for the adverse employment action.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in activity protected by the First Amendment of the United States Constitution.

A substantial or motivating factor is a significant factor.

**Source:** *Mt.* Healthy City School District v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); 3570 E. Foothill Blvd., Inc. v. City of Pasadena, 980 F. Supp. 329, 336 (C.D. Cal. 1997); 9th Circuit Model Instruction No. 9.9 (modified).

**Plaintiff's Position:** The parties dispute which of the four elements listed above are factual issues to be submitted to the jury.   Ms. Humann's position is that only elements three and four remain to be decided by the jury.   The City insists that all four elements remain for the jury to decide.   Ms. Humann had already been terminated and was not a City employee when she engaged in the protected speech/petitioning activities at issue in this claim.  Therefore, there can be no factual dispute regarding the first element and it should not go to the jury.  Whether the speech or petition was a matter of public concern is a question of law, not fact.  This Court has held as a matter of law that Ms. Humann's whistleblower complaint and press release related to a

matter of public concern.  Order on Motions for Summary Judgment (Dkt. 87) at 7-8.  For these reasons, the Court should adopt Plaintiff's proposed instruction on this topic and should not give Defendants' proposed instructions on Speaking as a Citizen or Matter of Public Concern.  (See Disputed Instructions No. 9 and 10).

## DISPUTED INSTRUCTION NO. 8

## PARTICULAR RIGHTS—FIRST AMENDMENT—PUBLIC EMPLOYEES—SPEECH
### (Defendant City of Edmonds based on Mayor Earling's actions)
### (Defendant City's Proposed)

As previously explained, the plaintiff has the burden to prove that the acts of the defendant the City of Edmonds deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the Defendant City violated her rights under the First Amendment to the Constitution when Mayor Earling laid Plaintiff off at the end of 2011.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern and petition government for redress. In order to prove the defendants violated her First Amendment rights, plaintiff Debi Humann must first prove by a preponderance of the evidence that:

1. She spoke as a citizen when she filed a complaint on October 12, 2011 and issued a press release challenging her termination;
2. The speech contained in her October 12, 2011 complaint and press release was on a matter of public concern;
3. Mayor Earling took an adverse employment action against her; and

4. This protected speech was a substantial or motivating factor for Mayor Earling's adverse employment action.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in activity protected by the First Amendment of the United States Constitution.

A substantial or motivating factor is a significant factor.

**Source:** *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *3570 E. Foothill Blvd., Inc. v. City of Pasadena,* 980 F. Supp. 329, 336 (C.D. Cal. 1997)**;** 9th Circuit Model Instruction No. 9.9 (modified).

**Plaintiff's Position:** Plaintiff proposes that the jury only be given one Particular Rights – First Amendment – Public Employees – Speech instruction that addressed both adverse employment actions at issue in this case. See Plaintiff's proposal for Disputed Instruction No. 7

**DISPUTED INSTRUCTION NO. 9**
**FIRST AMENDMENT RETALIATION—SPEAKING AS A CITIZEN**
**(Defendant City's Proposed)**

Under the law, a Plaintiff is not speaking as a citizen if she is speaking in the course and scope of her official job duties.

**Source:** *Ceballos v. Garcetti, 547 U.S. 410, 421 (2006); Connick v. Meyers*, 461 U.S. 138, 146 (1983); Borough of Duryea, Pa. v. *Guarnieri*, 131 S.Ct. 2488, 2493 (2011 ).

**Plaintiff's Position:** Plaintiff proposes no instruction be given.  It is undisputed that Ms. Humann had already been terminated and was not a City employee when she filed a whistleblower complaint and made statements to the press alleging improper payroll practices. These are the only protected speech/petitioning activities at issue in her First Amendment claims. Therefore, there can be no factual dispute regarding whether Ms. Humann was speaking as a citizen and the question does not go to the jury.  *See* Plaintiff's Proposed Instruction on Particular Rights – First Amendment – Public Employees – Speech/Petitioning.

## DISPUTED INSTRUCTION NO. 10

## FIRST AMENDMENT RETALIATION—MATTER OF PUBLIC CONCERN
### (Defendant City's Proposed)

Speech involves a matter of public concern when it can fairly be said to relate to any matter of political, social, or other concern to the community.  Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement.

**Source:**  *Huppert v. City of Pittsburgh*, 574 F.3d 696, 703 (9th Cir. 2009)

**(Plaintiff's Position**: Plaintiff proposes no instruction be given.  Whether Ms. Humann's speech or petition was a matter of public concern is a question of law that has already been determined by this Court.  Order on Motions for Summary Judgment (Dkt. 87) at 7-8.  The jury will not decide this issue and should not be instructed on it.

**DISPUTED INSTRUCTION NO. 11**
**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS**
**BASED ON OFFICIAL POLICY, PRACTICE, OR CUSTOM—ELEMENTS AND**
**BURDEN OF PROOF**
**(Defendant City of Edmonds)**

**(Plaintiff's Proposed)**

In order to prevail on her § 1983 claim against the City of Edmonds based on the City Council's elimination of funding for the Human Resources Director position, Plaintiff Humann must prove each of the following elements by a preponderance of the evidence:

      1.     City Councilmember Michael Plunkett acted under color of law;

      2.     the acts of Mr. Plunkett caused the City Council to deprive Plaintiff Humann of her First Amendment rights under the United States Constitution as explained in prior instructions; and

      3.     The City Council enacted an official policy of the City of Edmonds.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  I instruct you that Mr. Plunkett acted under color of law. Therefore, the first element require no proof.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the defendant the City of Edmonds.  I instruct you that the City Council enacted an official policy of the City of Edmonds.  Therefore, the third element requires no proof.

The jury should decide the second element only.

If you find Plaintiff Humann has proved each of these elements, and if you find that Plaintiff Humann has proved all the elements she is required to prove under Instruction *[specify the instruction[s] that deal with the particular right[s]]* as to the elimination of funding for the Human Resources Director position, your verdict should be for Plaintiff Humann on this claim. If, on the other hand, Plaintiff Humann has failed to prove any one or more of these elements, your verdict should be for the City of Edmonds on this claim.

**Source:** Ninth Circuit Model Civil Jury Instructions No. 9.4 (modified) (Approved 10/2013)

**Plaintiff's Position:**

The City Council enacted an official policy of the City of Edmonds when it voted 5-1 to eliminate funding for the Human Resources Director position from the 2012 budget.  Under Ninth Circuit law, a plaintiff can prevail on a First Amendment retaliation claim against a municipal employer based on the unlawful motivation of the individual who initiated the

retaliation. *Gilbrook v. City of Westminster*, 177 F.3d 839, 855-56 (9th Cir. 1999). The requisite causal connection can be established "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 854.  An unbiased final decisionmaker does not break the chain of causation where the evidence shows the adverse action would not have occurred but for the initiation of an actor with an unlawful motivation.  *Id.* "It is not necessary that the improper motive be the final link in the chain of causation: if an improper motive sets in motion the events that lead to [retali]ation that would not otherwise occur. . . ." *Id.* at 855 (emphasis in original; internal quotation omitted).

Here, the jury may find (1) that Councilmember Plunkett had a retaliatory motive for introducing and advocating for the elimination of funding for the Human Resources Director position; and (2) the Council would have voted to eliminate the funding but for Councilmember Plunkett's retaliatory actions.

*Lake Nacimiento Ranch Co. v. County of San Luis Obispo*, 841 F.2d 872 (9th Cir.1987), stands for the proposition that *Monell* liability based on an official municipal policy attaches where "a deliberate choice to follow a course of action is made among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* 878 (emphasis added). That is precisely what occurred in this case when the City Council voted to eliminate funding for the Human Resources Director position from the 2012 budget.  In *Lake Nacimiento Ranch,* the Court rejected a due process challenge to a zoning ordinance based on a council member's undisclosed conflict of interest. The Court reasoned that only the councilmember's participation – not the underlying zoning decision – was at issue in a procedural due process claim.  *Id.* 878-879.  The Court held that because plaintiff presented no material evidence that the County approved the councilmember's *participation* rather than the actual zoning decision, plaintiff's due process claim could not stand.  *Id.*

**Defendants' Position:** It is Defendants' position that Plaintiff's proposed instruction should not be given; PARTICULAR RIGHTS—FIRST AMENDMENT—PUBLIC EMPLOYEES— SPEECH is sufficient. However, if an instruction is given, it should be in the following form:

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE, OR CUSTOM—ELEMENTS AND BURDEN OF PROOF
(Defendant City of Edmonds)**

In order to prevail on her § 1983 claim against the City of Edmonds based on the City Council's elimination of funding for the Human Resources Director position, Plaintiff Humann must prove each of the following elements by a preponderance of the evidence:

1.      The Edmonds City Council acted under color of law;

2.      Edmonds City Council deprived Plaintiff Humann of her First Amendment rights under the United States Constitution as explained in prior instructions.

If you find Plaintiff Humann has proved each of these elements, and if you find that Plaintiff Humann has proved all the elements she is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*] as to the elimination of funding for the Human Resources Director position, your verdict should be for Plaintiff Humann on this claim. If, on the other hand, Plaintiff Humann has failed to prove any one or more of these elements, your verdict should be for the City of Edmonds on this claim.

**Source:** Ninth Circuit Model Civil Jury Instructions No. 9.4 (modified) (Approved 10/2013): RCW 35A.12.120 ("The passage of any ordinance, grant or revocation of franchise or license, and any resolution for the payment of money shall require the affirmative vote of at least a majority of the whole membership of the council"); RCW 35A.12.010 ("the government of a charter code city electing to adopt the mayor-council plan of government under this chapter shall be vested in an elected mayor and an elected seven-member council"); Monell v. Dep't. of Soc.Servs. of New York, 436 U.S. 658, 691 (1978); *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1238-41 (9th Cir. 1994)( *Lake Nacimiento Ranch Co. v. County of San Luis Obispo*, 841 F.2d 872, 878–79 (9th Cir.1987), cert. denied, 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988); *Mount Elliott Cemetery Ass'n v. City of Troy,* 171 F.3d 398, 406-07 (6th Cir. 1999); *Verdure v. Cnty. of Montgomery,* 324 F.3d 123, 125 (3d Cir. 2003); *Dixon v. Burke Cnty., Ga.,* 303 F.3d 1271, 1276 (11th Cir. 2002)

## DISPUTED INSTRUCTION NO. 12

### First Amendment Retaliation—Motive of the City Council

### (Defendant City's Proposed)

You are instructed that no individual City Councilmember is a final policy-maker for the City, nor can any individual Councilmember speak for the City, take action on behalf of the City, or establish official City policy on their own.  Rather, the City Council can only take action by and through a vote of the majority of City Councilmembers.

To establish that Plaintiff's protected speech was a substantial or motivating factor for an adverse employment action taken by the Edmonds City Council, Plaintiff must prove by a preponderance of the evidence that a majority of the Councilmembers voting on the action had such motivation when they voted in favor of the action.

RCW 35A.12.120 ("The passage of any ordinance, grant or revocation of franchise or license, and any resolution for the payment of money shall require the affirmative vote of at least a majority of the whole membership of the council").

RCW 35A.12.010 ("the government of a charter code city electing to adopt the mayor-council plan of government under this chapter shall be vested in an elected mayor and an elected seven-member council").

**Source:**  *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1238-41 (9th Cir. 1994)( Under California law, Olsen did not have final decisionmaking authority because the City Council must adopt a general plan by a majority vote); *Lake Nacimiento Ranch Co. v. County of San Luis Obispo*, 841 F.2d 872, 878–79 (9th Cir.1987), cert. denied, 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988) (county supervisor who votes on issue even though he had a conflict of interest does not have authority to establish county policy where board of supervisors may only act by majority vote);  *Mount Elliott Cemetery Ass'n v. City of Troy,* 171 F.3d 398, 406-07 (6th Cir. 1999)(since the mayor represents only one of the six votes against the rezoning request, the statement could not show that the City Council was motivated by discrimination).

**Plaintiff's position:** Plaintiff proposes no instruction be given.  See Disputed Instruction 11.

## DISPUTED INSTRUCTION NO. 13

## FIRST AMENDMENT RETALIATION—INTRACORPORATE CONSPIRACY
### (Defendant City's Proposed)

Under the law, officials, agents and employees of a single corporate entity are legally incapable of conspiring together.

**Source:** Hartline v. Gallo, 546 F.3d 95, 99 (2nd Cir. 2008); see also Donahoe v. Arpaio, 869 F.Supp.2d 1020, 1074-1075 (D. Ariz. 2012), aff'd sub nom. Stapley v. Pestalozzi, 733 F.3d 804 (9th Cir. 2013) (no cognizable claims that an entity conspired with its employees to violate an individual's constitutional rights). "A municipality generally cannot conspire with itself under the intracorporate conspiracy doctrine;" see Avalos v. Baca, 517 F.Supp.2d 1156, 1170 (C.D.Cal.2007) ("[S]ince a municipal entity cannot conspire with itself, plaintiff's claim against defendants in their official capacity fails."). The Ninth Circuit has recognized the split among circuits on this issue, but declined to decide the issue itself. Portman v. Cnty. of Santa Clara, 995 F.2d 898, 910 (9th Cir.1993). However, the district courts in our circuit have recognized the concept several times. See Donahoe and Baca, supra.

(NOTE: SEE CITY'S 12 FOR ELEMENTS)

**Plaintiff's Position:** Plaintiff proposes no instruction be given. The intracorporate conspiracy doctrine has no bearing on this case and will only lead to jury confusion. The cases cited by the City involve section 1985 civil right conspiracy claims that fail because the plaintiff did not allege a conspiracy involving two or more separate legal entities. *See, e.g., Hartline v, Gallo*, 546 F.3d 95 (2008) at 99 n. 3 (conspiracy claim requiring two or more legal entities fails because officers, agents and employees of a single corporate entity are legally incapable of conspiring together). Ms. Humann has not brought a section 1985 conspiracy claim in this litigation. Therefore, the intracorporate conspiracy doctrine is wholly inapplicable and this instruction should not be given to the jury.

## DISPUTED INSTRUCTION NO.  14

### PARTICULAR RIGHTS—DUE PROCESS—LIBERTY INTEREST
### (Defendants Cooper and City of Edmonds)

#### (Plaintiff's Proposed)

Under the Fourteenth Amendment, a public employee has a right protected by the Due Process clause to engage in the common occupations of life.  Plaintiff Humann alleges the City and Defendant Cooper deprived her of a liberty interest without due process in violation of the Fourteenth Amendment to the Constitution when Defendant Cooper made stigmatizing public statements about Plaintiff Humann in connection with firing her from her position as Human Resources Director.

In order to prove the City and Defendant Cooper deprived Plaintiff Humann of her Fourteenth Amendment right, Plaintiff Humann must prove the following elements by a preponderance of the evidence:

1.      Defendant Cooper terminated Plaintiff Humann's employment;

2.      Defendant Cooper made public statements in connection with Plaintiff Humann's termination that:

  a.      Impaired Plaintiff Humann's reputation for honesty or morality, and

  b.      Effectively excluded, or caused a prolonged interruption of, Plaintiff Humann's employment in the Human Resources field.

3.      Plaintiff Humann contested the accuracy of Defendant Cooper's statements; and

4.      Defendant Cooper and the City did not provide Plaintiff Humann with an opportunity to clear her name.

In order to establish that the acts of Micheal Cooper deprived Plaintiff Humann of a liberty interest without due process, Plaintiff Humann must prove by a preponderance of the evidence that defendant Cooper's statements were so closely related to Plaintiff Humann's effective exclusion from her profession as to be the moving force that caused the ultimate injury.

If you find that Plaintiff Humann has proven each of these elements by a preponderance of the evidence, you should enter a verdict for Plaintiff Humann against both Defendants Cooper and the City of Edmonds on this claim.  If you find that Plaintiff Humann has not proven each of these elements by a preponderance of the evidence, your verdict should be for the Defendants on this claim.

Source: Tibbetts v. Kulongoski, 567 F.3d 529, 535-37 (9th Cir. 2009); Blantz v. Cal. Dept. of Corr. and Rehab., 727 F.3d 917, 925 (9th Cir. 2013); Brady v. Gebbie, 859 F.2d 1543, 1552 (9th

Cir. 1988); Vanelli v. Reynolds Sch. Dist. No. 7, 667 F.2d 773, 777 & n.5 (9th Cir. 1982); Ninth Circuit Model Rule 9.8.

**Defendant's Position:**  Defendant's proposed instruction on this topic should be given instead.

**PARTICULAR RIGHTS—DUE PROCESS—LIBERTY INTEREST**
**(Defendants Cooper and City of Edmonds)**

**(Defendants Proposed)**

To prevail on her claim that the defendants violated her Constitutional right to due process under the Fourteenth Amendment, the plaintiff must prove each of the following elements:

1.      The defendants terminated Plaintiff's employment;

2.      The defendants made false accusations of dishonesty or immorality in connection with terminating her employment.  Accusations of mere incompetence or inability to get along with her supervisor, co-workers or other city officials are not sufficient;

3.      That the plaintiff requested and was denied a name-clearing hearing; and

4.      That the false accusations caused the plaintiff to be permanently excluded from her profession.  Accusations that merely reduce economic rewards are not sufficient.

If you find that the plaintiff has proven each of these elements by a preponderance of the evidence, your verdict should be for the plaintiff on this claim.  If you find that the plaintiff has not proven each of these elements by a preponderance of the evidence, your verdict should be for the defendants on this claim.

**Source:**
*Blantz v. Cal. Dep't of Corrections*, 727 F.3d 917, 925 n.6 (9th Cir. 2013)
*Roth v. Veterans Admin.*, 856 F.2d 1401, 1411 (9th Cir. 1988), *overruled on other grounds*, *Garcetti v. Ceballos*, 547 U.S. 410 (2006);
*Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 365 (9th Cir. 1976)
*Quinn v. Shirey*, 293 F.3d 315, 322 (6th Cir. 2002)
*Gillum v. City of Kerrville*, 3 F.3d 117, 121 (5th Cir. 1993)
*Winsckoswki v. City of Stephen*, 442 F.3d 1107, 1110 (9th Cir. 2006)
*Reiber v. City of Pullman*, 918 F. Supp. 2d 1091, 1102 (E.D. Wash. 2013)

**Plaintiff's Position:**

Plaintiff objects to using Defendants' proposed due process liberty interest instruction. First, the second and fourth elements in the instruction misstates the law. To prevail on a liberty interest claim, a plaintiff need only prove that she contested the accuracy of the stigmatizing statements and was deprived of an opportunity to clear her name.  *See Matthews v Harney County Sch. Dist. No. 4*, 819 F.2d 889, 891-92 (9th Cir. 1987).  Defendants' cited cases do not

stand for the proposition that Plaintiff must prove the statements were false in order to prevail on her claim for deprivation of due process.

Second, Defendants' third element improperly requires Plaintiff to prove that she requested a hearing. Courts in the Ninth Circuit do not require a plaintiff to request a hearing in order to state a due process claim. *See, e.g., King v. Garfield Cnty. Pub. Hosp. Dist. No. 1*, 12-CV-0622-TOR, 2014 WL 1744179 (E.D. Wash. May 1, 2014) (the burden is on the government to provide the person an opportunity to clear his name); *Howard v. Contra Costa Cnty.,* 13-CV-03626 NC, 2014 WL 824218 (N.D. Cal. Feb. 28, 2014) (citing cases to show that that the majority of district courts in the Ninth Circuit do not require the plaintiff to request a name-clearing hearing before raising a liberty interest claim); *Tibbetts v. State Acc. Ins. Fund Corp.*, CIV. 06-503-AC, 2008 WL 4144441 (D. Or. Sept. 4, 2008) (although other circuits require the plaintiff to request a hearing before advancing a claim for liberty interest deprivations, this is not the law in the Ninth Circuit).

Finally, Defendants' fourth element also misstates the law. The standard is whether the plaintiff was "effectively exclude[d]" from her chosen profession, which includes either "permanent exclusion from, or protracted interruption of, gainful employment" within her chosen trade or profession. *Blantz v. Cal. Dept. of Corr. and Rehab.*, 727 F.3d 917, 925 (9th Cir. 2013).

## DISPUTED INSTRUCTION NO. 15

### CAUSATION - LIBERTY INTEREST DUE PROCESS CLAIM
### (Defendants' proposed)

In order to establish that the acts of the defendants deprived the plaintiff of her right of due process under the Fourteenth Amendment of the United States Constitution, as explained in Instruction No. ___ [Due Process – Liberty Interest – Elements], the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused her to be excluded from her profession.

**Source:**  9th Cir. Model Civil Jury Instr. 9.8

**Plaintiff's Position:**  Plaintiff proposes that no instruction be given.  The causation standard for the Fourteenth Amendment Due Process Liberty Interest Claim is incorporated into Plaintiff's proposed instruction Particular Rights – Due Process – Liberty Interest.  This structure is less confusing for the jury given that the jury is being asked to decide multiple claims with different causations standards.

## DISPUTED INSTRUCTION NO. 16

### DEFAMATION – PUBLIC FIGURE
**(Defendants Cooper and City of Edmonds)**

**(Plaintiff's Proposed)**

To find for Plaintiff Humann on her claim of defamation against Defendants Cooper and the City of Edmonds based on post-termination statements by Mayor Cooper, you must find that Plaintiff Humann proved each of the following elements by clear and convincing evidence:

1)      that Defendant Cooper made statements that were false;

2)      that Defendant Cooper intentionally communicated the false statement about Plaintiff Humann to third parties;

3)      that Defendant Cooper made the statements with "actual malice"; and

4)      that the false statements by Defendant Cooper caused damage to Plaintiff Humann.

A statement that is structured as an opinion may be treated as a statement of fact if the statement implies the existence of an undisclosed fact that is false. If you find that Defendant Cooper's statements are false, or that the undisclosed facts implied by his statements are false, then the first element has been established.

If you find that Plaintiff Humann has proven each of these elements by clear and convincing evidence, you should enter a verdict for Plaintiff Humann against both Defendants Cooper and the City of Edmonds on this claim. If you find that Plaintiff has not proven each of these elements by clear and convincing evidence, your verdict should be for the Defendants on this claim.

**Source: 16A Wash. Prac. §§ 20.28-20:30; *Duc Tan v. Le*, 300 P.3d 356, 363 (Wash. 2013); *Brooks v. Olson*, 2005 WL 4656339 (Wash. Super. Ct. 2005) (Court's Instructions to the Jury).**

**Defendant's Position:** Defendant's proposed instruction on this topic should be given instead.

**(Defendant City's Proposed)**

**DEFAMATION – PUBLIC FIGURE – ELEMENTS**

**(Defendants Cooper and City of Edmonds)**

**(Defendants' Proposed)**

To find for Plaintiff on her claim of defamation against Defendants Cooper and the City of Edmonds based on post-termination statements by Mayor Cooper, you must find that Plaintiff proved each of the following elements by clear and convincing evidence:

1.      that Defendant Cooper made a statement that was false;

2.      that Defendant Cooper was not privileged to make the false statement;

3.      that Defendant Cooper knew the statement was false or acted with reckless disregard of its truth or falsity when he made the false statement; and

4.      that the false statement by Defendant Cooper proximately caused damage to Plaintiff.

If you find that Plaintiff has proven each of these elements by clear and convincing evidence, you should enter a verdict for the Plaintiff against Defendants Cooper and the City of Edmonds on this claim. If you find that Plaintiff has not proven each of these elements by clear and convincing evidence, your verdict should be for the Defendants on this claim.

*La Mon v. Butler*, 112 F.2d 193, 197, 770 P.2 1027 (1989); New York Times v. Sullivan, 376 U.S. 254, 279-80 (1964); Dkt. #87.
*Paterson v. Little, Brown & Co.*, 502 F. Supp. 2d 1124, 1134 (W.D. Wash. 2007)
*Milkoich v. Lorain Journal Co.*, 497 U.S. 1, 19-20 (1990)
*Camer v. Seattle Post-Intelligencer*, 45 Wn. App. 29, 31, 723 P.3d 1195 (1986)
*Lee v. Columbian*, *Inc.*, 54 Wn. App. 534, 538, 826 P.2d 217 (1991)
*Exner v. American Med. Ass'n*, 12 Wn. App. 215, 221, 223-24, 529 P.2d 863 (1974)


**Plaintiff's position:** Plaintiff objects to defendants' proposed defamation instruction because it lists privilege as an element and contains an incomplete definition of actual malice. The Court has already ruled that Defendant Cooper is not entitled to absolute privilege for his statements. Order on Motions for Summary Judgment (Dkt. 87) at 14. The parties agree that the actual malice standard applies to Ms. Humann's defamation claim because she is a public figure. Defendants' proposed privilege instruction will only confuse the jury and should not be given.

## DISPUTED INSTRUCTION NO. 17

## DEFAMATION---OPINION

### (Defendants' Proposed)

You are instructed that statements of opinions – statements that cannot reasonably be interpreted as stating facts – are protected by the First Amendment and cannot constitute false statements.  In determining whether a statement is one of opinion or of fact, you should consider the totality of the circumstances, including

(1)     the broad context of the statement;

(2)     the specific context and content of the statement; and

(3)   whether the statement itself is sufficiently factual to be susceptible of being proved true or false.

In making this determination, you should consider the entire statement and not merely a particular phrase or sentence, the degree to which the truth or falsity of the statement can be objectively determined without resort to speculation, and whether ordinary persons hearing or reading the matter would perceive the statement as an expression of opinion rather than a statement of fact.

**Source:**  *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1031 (9th Cir. 2000).
*Underwager v. Channel 9 Australia*, 69 F.3d 361, 366 (9th Cir. 1995)
*Camer v. Seattle Post-Intelligencer*, 45 Wn. App. 29, 39-40, 723 P.2d 1195 (1986)

**Plaintiff's position:**

Plaintiff proposes that no instruction be given.

Whether communication is capable of a defamatory meaning (i.e. probably false) is a legal question for the court.  *See Swartz v. World Pub. Co.*, 57 Wash. 2d 213, 215, 356 P.2d 97, 98 (1960); *Robel v. Roundup Corp.,* 148 Wash. 2d 35, 55, 59 P.3d 611, 622 (2002) ("Whether the allegedly defamatory words were intended as a statement of fact or an expression of opinion is a threshold question of law for the court.").  This Court has determined that Mayor Cooper's statements are capable of defamatory meaning.  Order on Motions for Summary Judgment (Dkt. 87) at 11-12.  It is now up to the jury to decide whether the statements were false.  *Id.*

Moreover, instructing the jury that "statements of opinions cannot … constitute false statements" will mislead the jury.  Plaintiff's proposed defamation instruction incorporates the issue of statements structured as opinion in a way that most clearly and accurately presents the issue to the jury.  *See* Disputed Instruction No 16 (Plaintiff's Proposed).

If the Court determines that a separate Opinion instruction is necessary, it should use the following language from Ms. Humann's proposed defamation instruction:

A statement that is structured as an opinion may be treated as a statement of fact if the statement implies the existence of an undisclosed fact that is false.  If you find that Defendant Cooper's statements are false, or that the undisclosed facts implied by his statements are false, then Defendant Cooper made statements that were false and the first element of Ms. Humann's defamation claim has been established.

## DISPUTED INSTRUCTION NO.18

## DEFAMATION – TRUE STATEMENTS
### (Defendants' Proposed)

A defamation action cannot be based on a true statement.  The literal truth of every claimed defamatory statement need not be proved.  It is sufficient if the statement is substantially true, or the gist of the story, its "sting" is true.  A defamation claim may not be based on the negative implication of true statements

**Source:**
*Ward v. Painters' Local Union No. 300*, 400 Wn.2d 859, 856, 252 P.2d 253 (1953)
*Camer v. Seattle Post-Intelligencer*, 45 Wn. App. 29, 31, 723 P.3d 1195 (1986)
*Lee v. Columbian*, *Inc.*, 54 Wn. App. 534, 538, 826 P.2d 217 (1991)

**Plaintiff's Position:**  Plaintiff proposes no instruction be given. Plaintiff objects to Defendant's proposed instruction. Defendant's instruction is misleading and misstates the law.

First, Defendant's instruction is unnecessary.   The parties' proposed defamation instructions already requires that the plaintiff prove that the statements at issue were false. An instruction defining what it means for a statement to be "true" is duplicative and will serve only to confuse the jury.

Second, the instruction is misleading with respect to the burden of proving truth. Plaintiff acknowledges that truth is a defense to a defamation claim. It is the defendant's burden, however, to prove the defense applies. *Camer v. Seattle Post-Intelligencer*, 45 Wn. App. 29, 38-39, 723 P.3d 1195 (1986) ("Defendant need not prove the literal truth of every claimed defamatory statement.  A defendant need only show that the statement is substantially true or that the gist of the story, the portion that carries the sting, is true.").

Third, the final sentence of the proposed instruction misstates the holding of *Lee v. Columbian, Inc.,* 64 Wn. App. 534, 538, 826 P.2d 217 (1991), and confuses the issues for the jury.  *Lee* stands for the proposition that a "defamatory meaning may be imputed to true statements." *Id.*  It does not stand for the proposition that the claim may not be based on the "negative implications" of a true statement. The jury's consideration of the implications of Cooper's statements should be limited to the question of whether the a statement structured as an opinion implies the existence of undisclosed false facts. *Duc Tan v. Le*, 177 Wn.2d 649, 663 (Wash. 2013); *Wood v. Battle Ground Sch. Dist.*, 197 Wn. App. 550, 572 (2001).

## DISPUTED INSTRUCTION NO. 19

### DEFAMATION---PRIVILEGE
**(Defendant City's Proposed)**

In some circumstances, an individual holds a qualified privilege to make statements even if they are deemed to be defamatory. To determine whether this privilege applied to Mayor Cooper when he made statements regarding his decision to terminate Plaintiff's employment, you should consider whether:

1.   he was within the class of executive officials absolutely privileged to publish defamatory matters;

2.   that he was acting within the duties of his office when he made the statements;

3.   that the statements he published had more than a tenuous relation to his official capacity.

*Bender v. City of Seattle*, 99 Wn.2d 582, 600, 664 P.2d 492, 504 (1983) *Liberty Bank of Seattle, Inc. v. Henderson*, 75 Wn. App. 546, 564, 878 P.2d 1259, 1269 (1994) (internal quotations omitted); *cf. Barr v. Matteo*, 360 U.S. 564, 79 S. Ct. 1335, 3 L. Ed. 2d 1434 (1959) (publication must be within "the outer perimeter" of the official's "line of duty").  If that test is met, allegations of motive become irrelevant.  *Barr*, 360 U.S. at 575, 79 S.Ct. at 1341 ("The claim of an unworthy purpose does not destroy the privilege") (quoting *Tenney v. Brandhove*, 341 U.S. 367, 377, 71 S.Ct. 783, 788, 95 L.Ed. 1019 cert. denied, 341 U.S. 936, 71 S.Ct. 853, 95 L.Ed. 1364 (1951)); *see also Stidham v. D.O.L.*, 30 Wn. App. at 615, 637 P.2d 970 ("defendants' motives, whatever they may be, are of no consequence").

**Plaintiff's Position:** Plaintiff proposes no instruction be given. The existence of a privilege is a question of law for the court, not for the jury. *Wood v. Battle Ground Sch. Dist.,* 107 Wash. App. 550, 568, 27 P.3d 1208, 1219 (2001).  The Court has already ruled that Defendant Cooper is not entitled to absolute privilege for his statements.  Order on Motions for Summary Judgment (Dkt. 87) at 14. As the Court has found, "a qualified privilege would merely institute the actual malice standard …." Dk. 87 at 14.  The parties agree that the actual malice standard applies to Ms. Humann's defamation claim because she is a public figure.  Defendants' proposed privilege instruction will only confuse the jury and should not be given.

### DISPUTED INSTRUCTION NO. 20

### DEFAMATION – PROXIMATE CAUSE

**(Defendants' Proposed)**

The term "proximate cause" means a cause which in direct sequence produces the injury or event complained of and without which such injury or event would not have happened.

**Source:**  Wash. Pattern Jury Instruction 15.01 (6th ed. 2012)

**Plaintiff's Position:** Plaintiff proposes no instruction be given. The term proximate cause is inherently confusing to jurors.  Furthermore, proximate cause is not the causation standard for Ms. Humann's wrongful termination or constitutional claims.   The individual causation standards have been incorporated into the relevant elements instructions.   A free-standing proximate cause instruction will only lead to juror confusion and error and should not be given.

**DISPUTED INSTRUCTION NO. 21**
**DEFAMATION – ACTUAL MALICE**
**(Defendants Cooper and City of Edmonds)**

**(Plaintiff's Proposed)**

Under the circumstances of this case, Plaintiff Humann must prove by clear and convincing evidence that Defendant Cooper made the statements at issue with "actual malice."

A defendant acts with "actual malice" when he knows the statement is false or recklessly disregards the probable truth or falsity of the statement.   "Actual malice" may be inferred from circumstantial evidence including the defendant's hostility or spite, knowledge that a source of information about the plaintiff is hostile, the defendant's failure to properly investigate an allegation, or the defendant's intent to avoid the truth.

Recklessness may be found where there are obvious reasons to doubt the veracity of the informant, or the accuracy of her reports.

To find that by clear and convincing evidence that Defendant Cooper acted with knowledge of the falsity of the statements or reckless disregard of the truth or falsity of the statements, you must be persuaded that it is highly probable that Defendant Cooper acted with the requisite intent.

**Source:**  *Duc Tan v. Le*, 300 P.3d 356, 366 (Wash. 2013); *Bender v. City of Seattle*, 99 Wn.2d 582, 599, 664 P.2d 492 (1983).

**Plaintiff's Position:**

The parties agree that actual malice is the fault standard that applies to Ms. Humann's defamation claim.  The jury will not understand the meaning of actual malice, or determine whether Ms. Humann has met her burden on her defamation claim, without direction from the Court.  Plaintiff's proposed instruction on actual malice is based on the Washington Supreme Court's decision in *Duc Tan v. Le*, 300 P.3d 356 (Wash. 2013).  It is more complete statement of the law than defendants' proposed instruction and will aid the jury in understanding the elements of Ms. Humann's defamation claim.

**Defendant's position:** "Actual malice" means making a statement with knowledge that it is false or with reckless disregard to its falsity.  This is an element of the plaintiff's claim and should be included the defamation elements instruction as per Defendants' proposed defamation elements instruction.  It is unnecessary to use or instruct the jury about the term "actual malice" and doing so would create confusion with the separate and different definition of malice used with respect to punitive damages.  The remainder of the proposal would be a comment on the evidence.

## DISPUTED INSTRUCTION NO. 22
## DEFAMATION PER SE

### (Plaintiff's Proposed)

Generally, a plaintiff may recover only the actual damages caused by defamation. However, a plaintiff is not required to prove actual damages if a defamatory statement constitutes "defamation per se."

To prove that Defendant Cooper's statements were defamation per se, Plaintiff Humann has the burden of proving by a preponderance of the evidence that his statements were defamatory and they:

(1)     exposed Plaintiff Humann to hatred, contempt, or ridicule to deprive her of the benefit of public confidence or social intercourse, or

(2)     injured Plaintiff Humann in her business, trade, profession, or office.

If you find that Defendant Cooper made a statement that was defamation per se, the law presumes Plaintiff Humann was damaged.  It is up to you to determine the amount of such damage, if any.

**Source:** *Caruso v. Local Union No. 690 of Int'l Bros. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 100 Wn.2d 343, 353 (1983).*


**Plaintiff's Position:** Ms. Humann has alleged that Defendant Cooper's public statements following her termination were defamation per se. This is a question for the jury. Order on Motions for Summary Judgment (Dkt. 87) at 16.  Without an instruction, the jury will have no understanding of the defamation per se principle. The elements set forth in Plaintiff's proposed instruction are taken from well-established Washington law and will aid the jury in deciding Ms. Humann's defamation claim.

**Defendant's Position:  Defendants' position:** This instruction should not be given.  Whether or not a defamatory statement is libelous per se relates to the issue of whether or not the plaintiff must prove special damages.  The defamation elements instruction should instruct the jury as to the elements of plaintiff's claim, including damages.  Neither of the parties' proposed elements instructions includes a requirement that the jury find special damages in order to prevail on her defamation claim in this matter.  This instruction is repetitive of plaintiff's other damages instructions and unnecessary emphasizes plaintiff's claim for damages.


This instruction should not be given. Whether Plaintiff has proven the elements required to establish a claim of defamation and damages proximately caused therefrom is question of fact for the jury.

## DISPUTED INSTRUCTION NO. 23

## DUE PROCESS CLAIM—DEFINITION OF PROFESSION

### (Defendant City's Proposed)

For purposes of determining whether Plaintiff has been permanently barred from her profession, a profession includes related and sub-fields of a given type of employment.

**Source:** *Roley v. Pierce County Fire Prot. Dist., 869 F.2d 491, 494 (9th Cir. 1989)*(scope of employment defined as firefighter, not Fire Chief); *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1101 (9th Cir.1981), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982) (characterization as regulatory specialist in banking law too narrow noting, that license to practice law retained); *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361 (9th Cir. 1976) (scope of employment defined as physician, not pathologist).

**Plaintiff's Position**: Plaintiff proposes that no instruction be given. Defendant's instruction is unnecessary and will confuse, not aid the jury. To prevail on her liberty interest due process claim, Ms. Humann must show that she has been effectively excluded from employment in the Human Resources field. *Braswell v. Shoreline Fire Dep't*, 622 F.3d 1099, 1103 (9th Cir. 2010) (plaintiff must show inability to find employment in "chosen field"); *Campanelli v. Bockrath*, 100 F.3d 1476, 1480 (9th Cir. 1996) (facts alleged by the plaintiff basketball coach showed that he had a chance of proving that his reputation was so severely damaged by his employer's statements that he was blacklisted in the world of basketball). Plaintiff's proposed due process liberty interest claim accurately reflects this element. Defendant's proposed instruction should not be given.

## DISPUTED INSTRUCTION NO. 24

### DUTIES OF THE MAYOR
### (Defendant City's Proposed)

You are instructed that the following Ordinance describes the duties of the Mayor in the City of Edmonds under the law:

The mayor shall be the chief executive and administrative officer of the city, in charge of all departments and employees, with authority to designate assistants and department heads. The mayor shall see that all laws and ordinances are faithfully enforced and that law and order is maintained in the city, and shall have general supervision of the administration of city government and all city interest

**Source:** City of Edmonds Municipal Code, 2.01.010 [Ord. 2349 § 2, 1983].

**Plaintiff's Position**: Plaintiff proposes no instruction be given. The purpose of jury instructions is to instruct the jury on the legal principles that apply to the claims at issue, not to establish the factual evidence for the parties' claims and defenses.   Ninth Circuit Model Rule 1.1A. Defendant's Proposed Instructions No. 24 through 29 are improper comments on the facts of this case.   If relevant, the City of Edmonds may introduce evidence regarding the duties and appointment process for its Mayor, City Attorney, Directors, and the Mayor's Executive Assistant, including the existence of City ordinances on these topics.   However, it is not appropriate to use jury instructions as a vehicle for the Court to read evidence to the jury. Defendant's proposed instruction should not be given.

## DISPUTED INSTRUCTION NO. 25

## CITY ATTORNEY—PROCESS FOR APPOINTMENT

## (Defendant City's Proposed)

You are instructed that the following Ordinance describes the process for appointing a City Attorney in the City of Edmonds under the law:

Legal counsel services for the city of Edmonds, Snohomish County, Washington pursuant to the provisions of RCW 35A.12.020 shall be provided through a professional services contract. The professional services contract shall be let on such basis as a majority of the Edmonds city council shall determine. The city council shall utilize the consultant selection process established by Chapter 2.80 ECC provided that the mayor shall participate with the city council consultant selection committee in the selection of up to three candidates for presentation to the city council for its final approval.  By its contract, the city council shall approve an individual or firm to be designated as city attorney.

Edmonds Municipal Code, 2.05.010 Legal counsel – Professional services contract [Ord. 3000 § 1, 1994; Ord. 2996 § 1, 1994; Ord. 926 § 1, 1962].

**Plaintiff's Position**: Plaintiff proposes no instruction be given. The purpose of jury instructions is to instruct the jury on the legal principles that apply to the claims at issue, not to establish the factual evidence for the parties' claims and defenses.  Ninth Circuit Model Rule 1.1A. Defendant's Proposed Instructions No. 24 through 29 are improper comments on the facts of this case.  If relevant, the City of Edmonds may introduce evidence regarding the duties and appointment process for its Mayor, City Attorney, Directors, and the Mayor's Executive Assistant, including the existence of City ordinances on these topics.  However, it is not appropriate to use jury instructions as a vehicle for the Court to read evidence to the jury. Defendant's proposed instruction should not be given.

## DISPUTED INSTRUCTION NO. 26

## CITY ATTORNEY—DUTIES

### (Defendant City's Proposed)

A. The city attorney shall advise the city authorities and officers on all legal matters pertaining to the business of the city and shall approve all ordinances as to form. He shall represent the city in all actions brought by or against the city or against city officials in their official capacities.

B. In addition to the duties prescribed by the laws of the state of Washington as hereinabove set forth, the city attorney shall:

1. Attend all regular and special council meetings; provided, however, that the city attorney shall be required to attend work meetings of the council only at the request and direction of the council;

2. Draft or approve all ordinances, leases and conveyances, and such other instruments as may be required by the business of the city;

3. Attend all regular and work meetings of the planning advisory board of the city of Edmonds as requested;

4. Attend all sessions of the Edmonds Municipal Court..

Edmonds Municipal Code, 2.05.020 Duties [Ord. 2430, 1984; Ord. 1107, 1965; Ord. 926 § 2, 1962].

**Plaintiff's Position**: Plaintiff proposes no instruction be given. The purpose of jury instructions is to instruct the jury on the legal principles that apply to the claims at issue, not to establish the factual evidence for the parties' claims and defenses.   Ninth Circuit Model Rule 1.1A. Defendant's Proposed Instructions No. 24 through 29 are improper comments on the facts of this case.   If relevant, the City of Edmonds may introduce evidence regarding the duties and appointment process for its Mayor, City Attorney, Directors, and the Mayor's Executive Assistant, including the existence of City ordinances on these topics.   However, it is not appropriate to use jury instructions as a vehicle for the Court to read evidence to the jury. Defendant's proposed instruction should not be given.

**DISPUTED INSTRUCTION NO. 27**

## APPOINTMENT OF DIRECTORS

### (Defendant City's Proposed)

The mayor shall appoint, subject to council confirmation, the department director positions of police chief, fire chief, community services director, administrative services director, development services director, parks and recreation director, public works director, and human resources director. The city council shall interview the top three candidates for each position prior to the mayor's final selection.

Edmonds Municipal Code, 2.10.010 (D) Confirmation process [Ord. 3279 § 1, 1999].

**Plaintiff's Position**: Plaintiff proposes no instruction be given. The purpose of jury instructions is to instruct the jury on the legal principles that apply to the claims at issue, not to establish the factual evidence for the parties' claims and defenses.   Ninth Circuit Model Rule 1.1A. Defendant's Proposed Instructions No. 24 through 29 are improper comments on the facts of this case.   If relevant, the City of Edmonds may introduce evidence regarding the duties and appointment process for its Mayor, City Attorney, Directors, and the Mayor's Executive Assistant, including the existence of City ordinances on these topics.   However, it is not appropriate to use jury instructions as a vehicle for the Court to read evidence to the jury. Defendant's proposed instruction should not be given.

## DISPUTED INSTRUCTION NO. 28

## ASSIGNMENT OF DUTIES OF DIRECTORS

### (Defendant City's Proposed)

The department directors shall be responsible for carrying out all directives as assigned by the mayor, including, but not limited to, planning and directing the activities and staff in their assigned department, supervising and evaluating the work processes and assigned staff, controlling the financial integrity of the assigned budget, and insuring the delivery of quality public services. All department directors shall serve at the pleasure of the mayor.

Edmonds Municipal Code 2.10.020 Assignment of duties [Ord. 3279 § 1, 1999].

**Plaintiff's Position**: Plaintiff proposes no instruction be given. The purpose of jury instructions is to instruct the jury on the legal principles that apply to the claims at issue, not to establish the factual evidence for the parties' claims and defenses.   Ninth Circuit Model Rule 1.1A. Defendant's Proposed Instructions No. 24 through 29 are improper comments on the facts of this case.   If relevant, the City of Edmonds may introduce evidence regarding the duties and appointment process for its Mayor, City Attorney, Directors, and the Mayor's Executive Assistant, including the existence of City ordinances on these topics.   However, it is not appropriate to use jury instructions as a vehicle for the Court to read evidence to the jury. Defendant's proposed instruction should not be given.

## DISPUTED INSTRUCTION NO. 29

## MAYOR'S EXECUTIVE ASSISTANT

### (Defendant City's Proposed)

The position of mayor's executive assistant shall be an at-will position with the executive assistant serving at the pleasure of the mayor. The salary for the position is established by the annual salary ordinance. The terms and conditions of employment as well as job duties being set forth in a job description developed by the mayor with the concurrence of the city council.

Edmonds City Council 2.10.070 Mayor's executive assistant [Ord. 3279 § 1, 1999].

**Plaintiff's Position**: Plaintiff proposes no instruction be given. The purpose of jury instructions is to instruct the jury on the legal principles that apply to the claims at issue, not to establish the factual evidence for the parties' claims and defenses.   Ninth Circuit Model Rule 1.1A. Defendant's Proposed Instructions No. 24 through 29 are improper comments on the facts of this case.   If relevant, the City of Edmonds may introduce evidence regarding the duties and appointment process for its Mayor, City Attorney, Directors, and the Mayor's Executive Assistant, including the existence of City ordinances on these topics.   However, it is not appropriate to use jury instructions as a vehicle for the Court to read evidence to the jury. Defendant's proposed instruction should not be given.

**DISPUTED INSTRUCTION NO. 30**
**WRONGFUL DISCHARGE & FIRST AMENDMENT RETALIATION DAMAGES**
(Defendant City of Edmonds)

**(Plaintiff's Proposed)**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Humann on any of her wrongful discharge or First Amendment retaliation claims, you must determine her damages.  Plaintiff Humann has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff Humann for any injury you find was caused by a defendant or defendants.

In determining the measure of damages for Plaintiff Humann's wrongful discharge and First Amendment retaliation claims, you should consider:

1. Back Pay: The reasonable value of past wages and employment benefits lost by Plaintiff Humann, from the date of the wrongful conduct to the date of trial;

2. Front Pay: The reasonable value of future earnings and employment benefits lost by Plaintiff Humann;

3. Emotional Distress: The amount of emotional harm to Plaintiff Humann caused by the City of Edmonds' wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by Plaintiff Humann in the future.

**Source:** Ninth Circuit Model Civil Jury Instruction 5.1 & 5.2 (modified); WPI 330.81

(modified).

**Defendants' position:** Defendant objects to including front pay in this instruction, but if the instruction is given, would agree with this format. No objection to separating out the damages instructions by claims as plaintiff proposed.

**WRONGFUL DISCHARGE & FIRST AMENDMENT RETALIATION DAMAGES**
(Defendant City of Edmonds)

**(Defendants' Proposed)**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Humann on any of her wrongful discharge or First Amendment retaliation claims against Defendant City of  Edmonds, you must determine her damages. Plaintiff Humann has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Humann for any injury you find was caused by the Defendant City.

In determining the measure of damages for Plaintiff Humann's wrongful discharge and First Amendment retaliation claims, you should consider:

1.  Back Pay: The reasonable value of past wages and employment benefits lost by Plaintiff Humann, from the date of the wrongful conduct to the date of trial, decreased by earnings from another employer in the interim;

2.  Front Pay: The reasonable value of future earnings and employment benefits lost by Plaintiff Humann,, decreased by projected future earnings from another employer;

3.  Emotional Distress: The amount of emotional harm to Plaintiff Humann caused by the City of Edmonds' wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by Plaintiff Humann in the future.

**Source:** Ninth Circuit Model Civil Jury Instruction 5.1 & 5.2 (modified); WPI 330.81 (modified); WPI 330. 82 (modified)

**Plaintiff's Position:**

Defendant's sole objection to Plaintiff's proposed instruction is the inclusion of front pay. Whether Ms. Humann is entitled to front pay arising from her wrongful termination claims and First Amendment retaliation claims is squarely before the jury.  When an employee is discharged for an unlawful reasons and her position is thereafter eliminated, the presumption is that the employee would have been retained in some other capacity had she not been wrongfully fired. *See Xieng v. People's Nat. Bank of Washington,* 63 Wn.App. 572 (1991), *aff'd*, 120 Wn.2d 512 (1993) (affirming award of lost wages to employee fired for discriminatory reasons where position was subsequently eliminated).  If the jury finds that Ms. Humann's September 2011 termination was illegal, it should presume that she would have been retained in some capacity

into 2012 and beyond.  It is the City's burden to demonstrate that Ms. Humann would not have been retained in some capacity.  In this case, the evidence demonstrates that it is unlikely the HR Director position would have been eliminated had the position been occupied. Even if the position had been downgraded to HR Manager, nothing suggests that Ms. Humann would not have accepted the lesser position.  The availability of front pay revolves around disputed issues of fact to be decided by the jury.  The jury should be instructed on front pay.

**DISPUTED INSTRUCTION NO. 31**
**DEFAMATION DAMAGES**
**(Defendants' Cooper and City)**

**(Plaintiff's Proposed)**

If you find for Plaintiff Humann on her claim for defamation you must determine her damages. Plaintiff Humann has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Humann for any injury you find was caused by a defendant or defendants.

In determining the measure of damages for Plaintiff Humann's defamation claim, you should consider each of the following elements of damage proved by the evidence to have been caused by Defendant Cooper's false and defamatory statements:

1.  Impairment of reputation and standing in the community suffered by Plaintiff Humann and reasonably likely to be suffered in the future;

2.  Emotional distress, humiliation, inconvenience, and anxiety experienced by Plaintiff Humann and reasonably likely to be experienced in the future; and

3.  Monetary loss experienced by Plaintiff Humann and reasonably likely to be experienced in the future.

Source: *Schmalenberg v. Tacoma News, Inc.*, 87 Wash. App. 579, 589, n.23, 943 P.2d 350 (1997)("a defamation plaintiff's compensable interests include not only general damage to reputation, but also emotional distress, bodily harm, and economic (i.e., "special") damages") (*citing* Restatement (Second) of Torts at 197, 319, 325 (emotional distress and bodily harm); Restatement (Second) of Torts at 197, 321–22 (economic damages)).[1]

**Defendants' position: This case does not appear to establish this authority.**

---

[1] Plaintiff's Proposed Jury Instruction No. 38 cited the wrong source, *Maison de France, Ltd. v. Mais Oui!, Inc.,* 126 Wn.App. 34, 54, 108 P.3d 787, 799 (Wn.App. Div. 1, 2005). Defendants correctly noted that the case did not appear to provide support for the proposed instruction.

## DISPUTED INSTRUCTION NO. 32

## DEFAMATION DAMAGES—PROOF
### (Defendants' Proposed)

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff her claims of Defamation, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the Defendants arising out of this claim. You should consider the following:

The damage to Plaintiff's professional and personal reputation caused by defamatory statements.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Plaintiff's Position:** Plaintiff's instruction on this topic should be given.  Defamation damages are not limited to reputational harm.  See Plaintiff's proposed instruction.

## DISPUTED INSTRUCTION NO. 33

## DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE

### (Defendants' Proposed)

Any award for future economic damages must be for the present cash value of those damages.  Noneconomic damages, such as damage to reputation, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

**Source:**  9th Cir. Model Civil Jury Instr. 5.4

**Plaintiff's Position:** Plaintiff proposes no instruction be given.   Determining damages is a question for the jury based on the evidence before them.  Plaintiff's economic expert will present evidence to the jury regarding the discount rate used to discount future economic damages to present value.  Defendant's proposed instruction is unnecessary and is likely to confuse the jury.

## DISPUTED INSTRUCTION NO. 34

### DUE PROCESS LIBERTY INTEREST DAMAGES
**(Plaintiff's Proposed)**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Humann on her Fourteenth Amendment Due Process claim you must determine her damages.  Plaintiff Humann has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff Humann for any injuries actually caused by Defendant Cooper's stigmatizing statements and the denial of an opportunity to clear her name.

In determining the measure of damages for Plaintiff Humann's Fourteenth Amendment Due Process Claim, you should consider:

1. Impairment of reputation suffered by Plaintiff Humann and reasonably likely to be suffered in the future;

2. Emotional distress, humiliation, inconvenience, and anxiety experienced by Plaintiff Humann and reasonably likely to be experienced in the future; and

3. Monetary loss experienced by Plaintiff Humann due to lost employment opportunities and reasonably likely to be experienced in the future.

Source: Ninth Circuit Model Civil Jury Instruction 5.1 & 5.2 (modified); *Brady v. Gebbie*, 859 F.2d 1543, 1557 (9th Cir. 1988); *Niebur v. Town of Cicero*, 212 F. Supp. 2d 790, 813 (N.D. Ill. 2002).

**Defendant's Postion:** The Fourteenth Amendment does not establish a substantive right not to have stigmatizing statements made and damages for stigmatizing statements are not recoverable under Section 1983.  The right is one of due process only.  This instruction incorrectly instructs the jury that it can award damages caused by stigmatizing statements.

**DUE PROCESS LIBERTY INTEREST DAMAGES**

**(Defendants Cooper and City of Edmonds)**

**(Defendants' proposal)**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Humann on her Fourteenth Amendment Due Process claim, you must determine whether she has proven any actual damages relating to a denial of an opportunity to have a hearing regarding Defendants' statement made in connection with her employment termination.  Plaintiff Humann has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the procedural deficiency.

In determining the measure of damages for Plaintiff Humann's Fourteenth Amendment Due Process Claim, you should consider any actual injury resulting from the denial of an opportunity to have a hearing.

If you find that the Plaintiff has not proven any actual injury resulting from this procedural deficiency, you shall award one dollar as nominal damages.

**Source:** Ninth Circuit Model Civil Jury Instruction 5.1 & 5.2 (modified); *Carey v. Piphus*, 435 U.S. 247 (1978)

**Plaintiff's Position:**

Defendants' proposed instruction is unduly narrow and misleading.   The Court should not instruct the jury that it may only award damages for an injury caused by a "procedural deficiency" or suggest that the jury should award nominal damage of one dollar.

A prevailing plaintiff is entitled to damages for injuries that were "actually caused" by the denial of procedural due process. *Brady v. Gebbie*, 859 F.2d 1543, 1557 (9th Cir. 1988) (citing *Chalmers v. City of Los Angeles,* 762 F.2d 753, 761 (9th Cir. 1985). These can include damages for mental and emotional distress.  *Id.* (citing *Vanelli v. Reynolds*, 667 F.2d at 781). Compensatory damages for the deprivation of due process can also include such injuries as "impairment of reputation . . . personal humiliation, and mental anguish and suffering." *Memphis Comm. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986).

In *Brady v. Gebbie*, the Ninth Circuit affirmed a jury award of $300,000 in compensatory damages for proven deprivation of the plaintiff's liberty interest without due process. Proof of

damages was largely based on (1) testimony from the plaintiff's psychiatrist that the plaintiff's psychological damages were caused by defendant's failure to give him an opportunity to tell his side of the story; and (2) testimony from witnesses who testified that that the plaintiff's reputation had been tarnished by the charges against him, that his usefulness as an expert witness had diminished, and that they would be unlikely to hire him again.  859 F.2d 1543, 1558 (9th Cir. 1988).  *See also Niebur v.  Town of Cicero*, 212 F. Supp. 2d 790. 813 (N.D. Ill. 2002) (damages appropriate where plaintiffs suffered years of loss of comparable employment that the jury could have rationally believed was due to the employer's false and stigmatizing public charges of lying, stealing, leaking, and obstructing).

## DISPUTED INSTRUCTION NO. 34

When an employee is discharged for an unlawful reason and her position is thereafter eliminated, the law presumes that the employee would have been retained in another position had she not been wrongfully fired. The burden is on the employer to establish that the employee would have been laid off even in the absence of the unlawful termination.

Source: *Xieng v. People's Nat. Bank of Washington,* 63 Wn. App. 572, 584 (1991), *aff'd,* 120 Wn.2d 512 (1993) (*citing Archambault v. United Computing Sys., Inc.,* 786 F.2d 1507, 1515 (11th Cir.1986)).

**Defendants' Position:**  Plaintiff submitted this proposed jury instruction late in the process. Defendants' have not had an opportunity to provide their position.