The Honorable Marsha J. Pechman
Trial:  October 27, 2014

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBI HUMANN,

                Plaintiff,

v.

CITY OF EDMONDS, a municipal corporation, and MICHAEL COOPER, in his individual and official capacities,

                Respondents.

No. 2:13-cv-00101 MJP

MOTION FOR A JUDGMENT AS A MATTER OF LAW (RULE 50)

## I.  INTRODUCTION

Based upon the evidence presented by Plaintiff, no reasonable juror could find that the City of Edmonds violated the Plaintiff's First Amendment rights when the City Council voted to eliminate funding for the Human Resources Director position when adopting its annual budget ordinance.  A directed verdict on this claim is appropriate.

## II.  STANDARD FOR A DIRECTED VERDICT

A directed verdict is proper where, as here, "there is no substantial evidence to support the claim." *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975) (*quoting Cleary v. Nat'l Distillers and Chemical Corp*., 505 F.2d 695, 696 (9th Cir. 1974)).  A directed verdict may be granted after the plaintiff has had a full opportunity for

MOTION FOR A JUDGMENT AS A MATTER OF LAW
(RULE 50) - 1
2:13-cv-00101 MJP
1002-367/ 129708

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

discovery and presentation of his or her case, yet, "no reasonable jury could find for them." The Ninth Circuit has noted that some of the prudential reluctance to grant summary judgment—a complete deprivation of a trial—may be relaxed in this context because the parties have had their day in court. *See Santa Clara Valley Distributing Co Inc v. Pabst Brewing Company*, 556 F.2d 942, 945 (9th Cir. 1977).

Like summary judgment, however, the mere existence of *some* alleged factual dispute between the parties or a "scintilla of evidence" will not defeat a properly supported motion for a directed verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 593 (1986).

As set forth below, the trial record in this case on the claim that City of Edmonds violated the Plaintiff's First Amendment rights by eliminating funding for the Human Resources Director position or by Mayor Earling laying the Plaintiff off on December 31, 2011 is ripe for directed verdict.[1]

### III.   AUTHORITY AND ARGUMENT

**A. Plaintiff has Produced No Evidence Establishing that Her Speech or Petition Was a Substantial or Motivating Factor Behind the City Council's Decision to Eliminate Funding For The Human Resources Director Position.**

While Plaintiff may prove the first two elements of her First Amendment violation claim with regards to the City Council's action (that (1) she filed the whistleblower complaint (Ex. 84), issued the press release (Ex. 86), and/or made statements to the press

---

[1] Defendant City of Edmonds maintains all arguments regarding the Plaintiff's First Amendment claim based on the action to eliminate funding for the Human Resources Director position that were raised and argued in the City's Motion for Summary Judgment (Dkt. No. 52), the City's reply regarding City's Motion for Summary Judgment (Dkt. No. 76), the City's Motion for Reconsideration (Dkt. No. 98), and the Order on Motions for Summary Judgment (Dkt. No. 87).  However, taking the Court's previous rulings into consideration, the plaintiff has still failed to produce sufficient evidence for a reasonable jury to find in their favor on this claim for the reasons laid out in this motion.

MOTION FOR A JUDGMENT AS A MATTER OF LAW
(RULE 50) - 2
2:13-cv-00101 MJP
1002-367/ 129708

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

and (2) the City of Edmonds took adverse employment actions against her by the City Council voting to eliminate funding for the Human Resources Director position), a reasonable juror could not find that Plaintiff's speech or petition was a "substantial or motivating factor" for the adverse employment action or actions.

As the Court stated in its Order Denying Defendant's Motion for Reconsideration (Dkt. No. 111), the Plaintiff has the burden was to show that under the First Amendment, a jury could conclude that her speech was a "substantial and motivating factor" in the City Council's decision to eliminate funding for her position in the 2012 budget. (This is also element No. 3 in jury instruction No. 17.) The Court also found that "[s]ince Ninth Circuit precedent is clear that timing is relevant to substantial or motivating factors, *see Coszalter*, 320 F.3d at 977, the jury is entitled to consider the timing of the speech, of executive sessions whose topics may have included Plaintiff's speech, and of the city council meeting in which the budget amendment eliminating funding for the Human Resources Director position was passed, <u>in addition to any more direct evidence about the motives of individual legislators</u>." Order Denying Defendant's Motion for Summary Judgment, Dkt. 111, pg. 9 (emphasis added)  Finally, the Court cited *Scott-Harris v. City of Fall River* for the proposition that "[t]he key is likelihood: Has the plaintiff proffered evidence, direct or circumstantial, which, when reasonable inferences are drawn in her favor, makes it appear more probable (i.e., more likely than not) that [Plaintiff's speech] was the real reason underlying the enactment of the ordinance or adoption of the policy?" 134 F.3d 427, 438 (1st Cir. 1997), *rev'd on other grounds by Bogan v. Scott-Harris*, 523 U.S. 44 (1998).

In addition to this legal precedent, the Court issues jury instruction no. 18, which states: "You are instructed that no individual City Councilmember is a final policy-maker

MOTION FOR A JUDGMENT AS A MATTER OF LAW
(RULE 50) - 3
2:13-cv-00101 MJP
1002-367/ 129708

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

for the City, nor can any individual Councilmember speak for the City, take action on behalf of the City, or establish official City policy on their own.  Rather, the City Council can only take action by and through a vote of the majority of City Councilmembers."  In the final pre-trial conference, your Honor stated that while it is not necessary to show that each councilmember had an improper bias against the Ms. Humann, the plaintiff did have to show that Mr. Plunkett introduced the amendment as a result of his improper motivation (retaliation against the plaintiff) and that a majority of the City Council voted to pass the amendment because of the same improper motivation.

While the plaintiff has argued that the timing of the "speech" and council budget meetings could possibly support an inference of an improper motive, there has been insufficient evidence submitted to show the nature or extent of the discussion in the executive meetings regarding Debi Humann at all, much less her October 12, 2011 whistleblower complaint (Ex. 84) or Mayor Cooper's decision to terminate her.  This evidence is circumstantial and contradicted by definitive direct evidence that has been testified to in court.  The only direct evidence that has come out so far goes **against** the plaintiff's claim that the City Council voted to eliminate the Human Resources position as a result of an improper motivation.  In addition, without calling the remaining City Councilmembers and asking them about their motivations, the plaintiff cannot inquire what their motivations were and the jury has no testimony from the other four City Councilmembers to determine the credibility of.  The plaintiff has only inquired into the mind of one of the five councilmembers who voted to approve the amendment and has therefore failed to even introduce sufficient evidence to the jury to prove this element of the claim even if the jury decided they had some reason to doubt his credibility.

MOTION FOR A JUDGMENT AS A MATTER OF LAW
(RULE 50) - 4
2:13-cv-00101 MJP
1002-367/ 129708

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

During their case-in-chief, the plaintiff examined only councilmembers Plunkett and Peterson and played the video of the City Council meeting where the amendment to eliminate funding for the Human Resources Director position was discussed and passed upon a vote of the legislative body. Council President Peterson was the sole "no" vote to this amendment, but testified that his decision to vote "no" did not have anything to do with Ms. Humann or concerns that the proposal was related to Ms. Humann. He testified that he does not remember ever seeing Plaintiff's Exhibit No. 84, which is the Plaintiff's complaint, and that though he was in the executive sessions, he could not really remember any discussion relating to Plaintiff's termination. In addition, he testified that he did not have any reason to believe that the plaintiff's October 12th complaint or related speech was a factor in any of the other members of the council decision to vote in favor of the budget amendment. Likewise, former councilmember Plunkett credibly testified that the plaintiff's October 12th complaint or related speech was not a factor in why he chose to propose and voted to approve the amendment to eliminate the funding for the Human Resources Director position in the 2012 budget. Both members of the council indicated that this was simply a typical budget discussion and that they voted with the City's best interests in mind as they saw it from their perspectives as individual legislators.

In examining the City Council meeting, the record of public discussion that preceded the budget vote at the November 22, 2011 Council meeting reflects a legitimate, non-retaliatory basis for considering the action ultimately adopted by six voting members of the Council as part of the budget process, including two separate votes on two separate proposals (by former councilmembers Plunkett and Bernheim.) Taraday Dec., Ex. C. The discussion had nothing to do with Ms. Humann herself, or why she was fired and a

MOTION FOR A JUDGMENT AS A MATTER OF LAW
(RULE 50) - 5
2:13-cv-00101 MJP
1002-367/ 129708

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

reasonable jury could not find that anything in the video indicates that the councilmembers had an improper motivation in passing the amendment.

## IV. CONCLUSION

The plaintiff has not produced sufficient evidence to allow this issue to go before the jury and has failed to even inquire into the motivations of four of the five City Councilmembers who voted to approve the elimination of the Human Resources Director position. For this and the other foregoing reasons, Defendants respectfully request that the court enter judgment as a matter of law on the Plaintiff's First Amendment claim regarding the action by the City Council.

DATED: November 12, 2014

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Attorney for Defendant City of Edmonds

800 Fifth Avenue, Suite 4141
Seattle, WA 98104-3175
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

MOTION FOR A JUDGMENT AS A MATTER OF LAW
(RULE 50) - 6
2:13-cv-00101 MJP
1002-367/ 129708

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Attorneys for Plaintiff Debi Humann**

Beth Barrett Bloom
Cliff Freed
Christie J. Fix
FRANK FREED SUBIT & THOMAS, LLP
705 Second Avenue, Suite 1200
Seattle, WA  98104
Email:  bbloom@frankfreed.com
cfreed@frankfreed.com
cfix@frankfreed.com

**Attorneys for Attorney for Defendant Michael Cooper**

John T. Kugler
TURNER KUGLER LAW, PLLC
4700 42nd Avenue W, Ste. 540
Seattle, WA  98116
Email:  John@turnerkuglerlaw.com

DATED:  November 12, 2014

/s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Attorney for Defendant City of Edmonds
800 Fifth Avenue, Suite 4141
Seattle, WA  98104-3175
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

MOTION FOR A JUDGMENT AS A MATTER OF LAW
(RULE 50) - 7
2:13-cv-00101 MJP
1002-367/ 129708

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423