1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBI HUMANN,

Plaintiff,

v.

CITY OF EDMONDS, a municipal
corporation, and MICHAEL COOPER, in
his individual and official capacities,

Respondents.

No. 2:13-cv-00101 MJP

MOTION FOR A JUDGMENT AS A
MATTER OF LAW (RULE 50)

## I.   INTRODUCTION

Based upon the evidence presented by Plaintiff, no reasonable juror could find that the City of Edmonds or Mayor Cooper violated the Plaintiff's due process rights by not providing the Plaintiff the opportunity to clear her name.  The evidence shows that the Plaintiff was in fact provided the opportunity for such a hearing through the process she requested the City to follow but voluntarily chose not to pursue the remedies allowed under it.  The Defendant's conduct met the standard of providing the Plaintiff the opportunity to clear her name.  The fact that she chose not to complete the process and unilaterally filed this due process claim instead does not change this fact.  Therefore, the Plaintiff's due

MOTION FOR JUDGMENT AS A MATTER OF
LAW (RULE 50)- 1
2:13-cv-00101 MJP
1002-367/130559

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

process violation claim based on the failure to provide her an opportunity to clear her name should be dismissed.

## II.   STANDARD FOR A DIRECTED VERDICT

A directed verdict is proper where, as here, "there is no substantial evidence to support the claim." *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975) (*quoting Cleary v. Nat'l Distillers and Chemical Corp.*, 505 F.2d 695, 696 (9th Cir. 1974)).  A directed verdict may be granted after the plaintiff has had a full opportunity for discovery and presentation of his or her case, yet, "no reasonable jury could find for them." The Ninth Circuit has noted that some of the prudential reluctance to grant summary judgment—a complete deprivation of a trial—may be relaxed in this context because the parties have had their day in court.  *See Santa Clara Valley Distributing Co Inc v. Pabst Brewing Company*, 556 F.2d 942, 945 (9th Cir. 1977).

Like summary judgment, however, the mere existence of *some* alleged factual dispute between the parties or a "scintilla of evidence" will not defeat a properly supported motion for a directed verdict.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 593 (1986).

As set forth below, the trial record in this case on the claim that City of Edmonds violated the Plaintiff's Fourteenth Amendment Due Process Rights by not providing the Plaintiff with an opportunity to clear her name is ripe for directed verdict.[1]

---

[1] Defendant City of Edmonds maintains all arguments regarding the Plaintiff's Due Process claim based on the alleged denial of a hearing that were raised and argued in the City's Motion for Summary Judgment (Dkt. No. 52), the City's reply regarding City's Motion for Summary Judgment (Dkt. No. 76), the City's Motion for Reconsideration (Dkt. No. 98), and the Order on Motions for Summary Judgment (Dkt. No. 87).  However, taking the Court's previous rulings into consideration, the plaintiff has still failed to produce sufficient evidence for a reasonable jury to find in their favor on this claim for the reasons laid out in this motion.

MOTION FOR JUDGMENT AS A MATTER OF
LAW (RULE 50)- 2
2:13-cv-00101 MJP
1002-367/130559

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

## III.    AUTHORITY AND ARGUMENT

In jury instructions No. 20 and 23, the Plaintiff has the burden of proving that the City violated her Fourteenth Amendment Due Process rights by either not providing her an opportunity to clear her name (jury instruction No. 20) or by denying her the opportunity to have a hearing (jury instruction 23).  These statements are inconsistent and only one should be used in order to avoid confusing the jury.  Regardless of the language used, Plaintiff's claim still fails because she **was** given, as she specifically requested pursuant to personnel policy 10.3 (Ex. 84: Complaint), the opportunity to have a full hearing in front of an Administrative Law Judge (ALJ) (Ex. 285: Notice of Prehearing Conference).   She eventually **voluntarily** chose to no longer go through with it (Ex. 286: Postponement of Prehearing Conference), despite the fact that a date for the hearing had already been set. As a result, Plaintiff cannot state a claim that the Defendant City of Edmonds (or Defendant Cooper) denied her the opportunity to have a hearing or an "opportunity to clear her name." Thus, her due process claim should be dismissed.

### A.  An Opportunity Was Available To The Plaintiff To Have A Hearing To Clear Her Name And She Ultimately Voluntarily Turned It Down.

The United States Supreme Court has long recognized that "a terminated employee has a constitutionally based liberty interest in clearing his name when stigmatizing information regarding the reasons for the termination is publicly disclosed." *Cox v. Roskelley*, 359 F.3d 1105, 1110 (9th Cir. 2004).  (*See Brady v. Gebbie* 859 F.2d 1543, 1551-2 (1988) (citing *Codd v. Velger*, 97 S.Ct. 882, 884 (1977)) "Remedy mandated by the Due Process Clause of the Fourteenth Amendment for [a] claim based on stigmatization during discharge from employment is a name-clearing hearing.")   "Failure to <u>provide</u> a

MOTION FOR JUDGMENT AS A MATTER OF
LAW (RULE 50)- 3

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

'name-clearing' hearing in such a circumstance is a violation of the Fourteenth Amendment's due process clause." *Cox*, 359 F.3d at 1110. (emphasis added)  In addition, "[t]he burden is on the government to <u>provide the person an opportunity</u> to clear his name[.]" *King v. Garfield Cnty. Pub. Hosp. Dist. No. 1,* 2014 WL 1744179, at *15 (E.D. Wash. May 1, 2014), <u>reconsideration denied (June 6, 2014).</u> (emphasis added).  All of these cases are consistent in requiring the government to provide an opportunity for a name-clearing hearing <u>after</u> a stigmatizing comment has been made in relation to a termination.

While there is a specific test outlining the requirements for a pre-termination hearing, there is no such case law that sets forth or defines exactly what such a "name-clearing" hearing must entail.  There are, however, examples of situations where the right was violated and the Court explained why.  For example, in *Wisconsin v. Constantineau*, the Supreme Court found that a plaintiff was not provided the opportunity for a name-clearing hearing where a Wisconsin Act (allowing the police chief, in writing, to designate a person as forbidden to be sold or gifted intoxicating liquors) "did not contain any provision whatsoever for notice and hearing." 400 U.S. 433, 439 (1971).  The facts in this case are substantially different because the City's own personnel policies (Ex. 133) provide a specific procedure for pursuing such a hearing (in accordance with state law.)  The Plaintiff not only knew about the opportunity to pursue a name-clearing hearing under personnel policy 10.3, but requested that the City schedule one with the Office of Administrative Hearings, which the City did.

Another Ninth Circuit case describes the standard for a post-termination "name-clearing" hearing as one that gives a plaintiff the opportunity to be heard "at a meaningful time and in a meaningful manner. An individual must have an opportunity to confront all of

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

the evidence adduced against him, in particular that evidence with which the decisionmaker is familiar." *Vanelli v. Reynolds School Dist. No. 7*, 667 F.2d 773,779-780 (9th Cir. 1982) (*see also King*, 2014 WL 1744179, at *26 "government [must] 'provide the person an opportunity to clear his name' with notice of the evidence adduced against him 'at a meaningful time and in a meaningful manner.'") In *Vanelli*, the court found that a post-termination hearing held almost a month after a high school teacher's termination decision met the standards of fairness required by the due process clause. *Id.* at 780.  In the hearing, the employee's counsel was present and allowed to cross-examine all witnesses and the employee was given the opportunity to rebut all evidence against him. *Id.*

The Office of Administrative Hearings (OAH) hearing that was granted to Plaintiff Debi Humann would have allowed her these exact same rights and would have been held in front of an impartial administrative law judge.  As was stated above, the fact that Plaintiff voluntarily withdrew from these proceedings does not change the fact that she was given the right to the hearing of her choosing and the City and Mayor Cooper (while he was still in office) followed the procedure set out under Personnel Policy 10.3 (based on RCW 42.41.040(4)) when providing her the opportunity for that hearing.

## IV.    CONCLUSION

This Plaintiff's claim of a due process violation based on not being given a "name-clearing" hearing should not be allowed to go to the jury because there is direct evidence that proves the Plaintiff was offered such a hearing but voluntarily chose not to pursue it; she chose to file this lawsuit and pursue a due process claim against the City and Defendant Cooper instead..  Case law does not indicate that the Defendants were required to set up any

MOTION FOR JUDGMENT AS A MATTER OF
LAW (RULE 50)- 5
2:13-cv-00101 MJP
1002-367/130559

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

different type of hearing but rather provide her with the opportunity to clear her name through a process.  The Plaintiff knew of this process and actually pursued it before eventually deciding to postpone and cancel the hearing.

The Plaintiff testified that she expected the City and Mayor Cooper to follow the procedures and timelines set forth in Personnel Policy 10.3.  The Plaintiff conceded that she issued lengthy statements to the public stating her position that she believed Mayor Cooper actually fired her for cooperating with the auditor, and that she expected an ALJ hearing scheduled pursuant to the procedures in Personnel Policy 10.3 would allow her to further "clear her name." (Ex. 86)  The Plaintiff should not now be allowed to make a due process claim when she was the one who chose not to pursue the remedies available to her.  For this and the other foregoing reasons, Defendants respectfully request that the court enter judgment as a matter of law on the Plaintiff's Fourteenth Amendment Due Process claim based on the denial of a "name-clearing" hearing.

DATED:  November 12, 2014

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: _/s/ Jayne L. Freeman_____
Jayne L. Freeman, WSBA #24318
Attorney for Defendant City of Edmonds

800 Fifth Avenue, Suite 4141
Seattle, WA  98104-3175
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

MOTION FOR JUDGMENT AS A MATTER OF
LAW (RULE 50)- 6
2:13-cv-00101 MJP
1002-367/130559

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX:  (206) 223-9423

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2014, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

**Attorneys for Attorneys for Plaintiff Debi Humann**

Beth Barrett Bloom
Cliff Freed
Christie J. Fix
FRANK FREED SUBIT & THOMAS, LLP
705 Second Avenue, Suite 1200
Seattle, WA  98104
Email:  bbloom@frankfreed.com
cfreed@frankfreed.com
cfix@frankfreed.com

**Attorneys for Attorney for Defendant Michael Cooper**

John T. Kugler
TURNER KUGLER LAW, PLLC
4700 42nd Avenue W, Ste. 540
Seattle, WA  98116
Email:  John@turnerkuglerlaw.com

DATED:  November 12, 2014

*/s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Attorney for Defendant City of Edmonds
800 Fifth Avenue, Suite 4141
Seattle, WA  98104-3175
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

MOTION FOR JUDGMENT AS A MATTER OF
LAW (RULE 50)- 7
2:13-cv-00101 MJP
1002-367/130559

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423