UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

DEBI HUMANN,

                    Plaintiff,

      v.

CITY OF EDMONDS, a municipal corporation, and MICHEAL COOPER, in his individual and official capacities,

                  Defendants.

CASE NO.: 2:13-cv-00101-MJP

FINAL INSTRUCTIONS TO THE JURY

Dated: November 13, 2014.

Marsha J. Pechman
Chief United States District Judge

1

## INSTRUCTION NO. 1

Ladies and gentlemen, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  It is this final set of instructions that controls your consideration.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  You must not make any assumptions based upon any changes from the preliminary set of instructions.  It is the final set that you are governed by.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## INSTRUCTION NO. 2

This case is a civil case brought by Debi Humann against the City of Edmonds and its former mayor Micheal Cooper.

Ms. Humann, the plaintiff, worked for the City of Edmonds as the Director of Human Resources.

On September 22, 2011, she was fired by Mayor Cooper.  She claims it was for reporting concerns about another employee's pay, attendance and timesheets.

Ms. Humann claims that Mayor Cooper made stigmatizing statements to the press that harmed her reputation.

On October 12, 2011, she made a complaint to the City and made a statement to the press.

On November 22, 2011, the City of Edmonds council eliminated funding for a Human Resources Director for the next year, 2012.

There was an election, and the new Mayor, David Earling, hired Ms. Humann back on December 15, 2011 and laid her off on December 31, 2011.

She makes the following claims:

**Claim 1**:  Wrongful termination against the City of Edmonds for her termination on September 22, 2011.

**Claim 2**:  Wrongful termination against the City of Edmonds for her lay off on December 31, 2011.

**Claim 3**:  First Amendment rights violation against the City of Edmonds.

**Claim 4**:  Defamation against Mayor Cooper and the City of Edmonds.

She asks for money to compensate for her damages.

3

The defendants, City of Edmonds and former Mayor Micheal Cooper, deny all of the claims.

You have been called as jurors to decide the facts of this case.

## INSTRUCTION NO. 3

You had permission to take notes to help you remember the evidence.  If you took notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  When you leave, your notes should be left in the jury room.  No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 4

There are rules of evidence that control what can be received into evidence. During trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer was allowed to object. If I overruled the objection, the question could have properly been answered or the exhibit received. If I sustained the objection, the question could not have been properly answered, and the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore that question and must not guess what the answer might have been or consider any answer that was given.

During the trial, I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  When you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO. 5**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## INSTRUCTION NO. 7

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 8

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I gave a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 9

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers have agreed.

You may also have heard testimony in the form of depositions.  This testimony is also evidence from which you are to decide the facts.  You should draw no inference from whether these individuals were or were not physically present in the court themselves.

## INSTRUCTION NO. 10

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 11**

When a party has the burden of proving any claim or defense by clear and convincing

evidence, it means you must be persuaded by the evidence that the claim or defense is highly

probable.  This is a higher standard of proof than by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented

it.

## INSTRUCTION NO. 12

All parties are equal before the law and a municipal corporation or individual is entitled to the same fair and conscientious consideration by you as any party.

## INSTRUCTION NO. 13

The City of Edmonds can only act through its employees or agents.  Therefore, the City is responsible for the acts of its employees and agents within the scope of their authority.  Under the law, the Mayor acts as an agent of the City of Edmonds during the time he is serving in office.

INSTRUCTION NO. 14

**CLAIM 1: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Defendant City of Edmonds—termination decision)**

Under Washington law, a clear public policy exists prohibiting retaliation against local government employees who report corruption or the misuse of public funds. Plaintiff Humann alleges she was fired on September 22, 2011 in retaliation for reporting corruption or the misuse of public funds to former Mayor Cooper and/or the Washington State Auditor.

To prevail on her wrongful termination claim against Defendant City of Edmonds based on her September 2011 termination, Plaintiff Humann must prove by a preponderance of the evidence that:

(1)     The termination jeopardizes the public policy prohibiting such retaliation;

(2)     Plaintiff Humann had an objectively reasonable belief that she reported corruption or misuse of public funds; and

(3)     One or more of Plaintiff Humann's acts of reporting corruption or the misuse of public funds was a substantial factor in the termination decision.

If you find that Plaintiff has proved each of the above three factors by a preponderance of the evidence, your verdict should be for Plaintiff Humann. If you find that Plaintiff has not proved each of the elements by a preponderance of the evidence, your verdict should be for Defendant City of Edmonds.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision. "Substantial factor" also does not mean that Plaintiff Humann would have been

terminated but for her protected conduct. Under the substantial factor test, if the protected conduct was a significant or substantial factor in the employer's decision, the employer could be liable, even if the employee's conduct otherwise did not entirely meet the employer's standards.

**INSTRUCTION NO. 15**

**CLAIM 2: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Defendant City of Edmonds – December 31, 2011 Lay Off)**

Under Washington law, a clear public policy exists prohibiting retaliation against former local government employees for filing a whistleblower complaint. Plaintiff Humann alleges she was laid off on December 31, 2011 in retaliation for filing her October 12, 2011 whistleblower complaint challenging her termination.

To prevail on her wrongful termination claim against Defendant City of Edmonds based on her December 31, 2011 termination, Plaintiff Humann must prove by a preponderance of the evidence that:

(1)   The lay off jeopardizes the public policy prohibiting such retaliation;

(2)   Plaintiff Humann's whistleblower complaint was a substantial factor in the lay-off decision.

If you find that Plaintiff has proved each of the above two factors by a preponderance of the evidence, your verdict should be for Plaintiff Humann. If you find that Plaintiff has not proved each of the elements by a preponderance of the evidence, your verdict should be for Defendant City of Edmonds.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision. "Substantial factor" also does not mean that Plaintiff Humann would have been terminated but for her protected conduct. Under the substantial factor test, if the protected conduct was a significant or substantial factor in the employer's decision, the employer

could be liable, even if the employee's conduct otherwise did not entirely meet the employer's standards.

**INSTRUCTION NO. 16**

**CLAIM 3: FIRST AMENDMENT**
**(Defendant City of Edmonds)**

In this case, Plaintiff Humann alleges the City of Edmonds took an adverse employment action against her in retaliation for one or more of the following acts: filing a whistleblower complaint on October 12, 2011 challenging her termination, issuing a press release about her termination and whistleblower complaint, and/or making related statements to the press.

Specifically, Plaintiff Humann alleges that the City of Edmonds deprived her of her First Amendment rights when Mayor Earling laid her off on December 31, 2011.

Under the First Amendment, a public employee has a qualified right to speak or petition on matters of public concern.  In order to prove the City deprived Plaintiff Humann of this First Amendment right, she must prove the following elements by a preponderance of the evidence:

(1)     Plaintiff Humann filed the whistleblower complaint, issued the press release, and/or made statements to the press;

(2)     The City of Edmonds took an adverse employment action against her by Mayor Earling laying her off on December 31, 2011;

                        and

(3)     Plaintiff Humann's speech or petition was a substantial or motivating factor for the adverse employment action or actions.

If Plaintiff Humann proves these three elements, then the City of Edmonds must prove by a preponderance of the evidence:

(4)      The City of Edmonds and/or Mayor Earling would have taken the adverse employment action or actions even absent Plaintiff Human's speech or petition.

If the answer to (4) is no, then your verdict is for the Plaintiff. If your answer to (4) is yes, then your verdict is for the Defendant.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in protected activity.

A substantial or motivating factor is a significant factor.

**INSTRUCTION NO. 17**

**CLAIM 4: DEFAMATION**
**(Defendants Cooper and City of Edmonds)**

To find for Plaintiff Humann on her claim of defamation against Defendants Cooper and the City of Edmonds based on post-termination statements by Mayor Cooper, you must find that Plaintiff Humann proved each of the following elements by clear and convincing evidence:

(1)    that Defendant Cooper made false statements of fact;

(2)    that Defendant Cooper intentionally communicated the false statement about Plaintiff Humann to third parties;

(3)    that Defendant Cooper made the statements knowing that they were false or acting in reckless disregard of their falsity; and

(4)    that the false statements by Defendant Cooper caused damage to Plaintiff Humann.

A statement that is structured as an opinion may be treated as a statement of fact if the statement implies the existence of an undisclosed fact that is false.  If you find that Defendant Cooper's statements are false, or that the undisclosed facts implied by his statements are false, then the first element has been established.

If you find that Plaintiff Humann has proven each of these elements by clear and convincing evidence, you should enter a verdict for Plaintiff Humann against both Defendants Cooper and the City of Edmonds on this claim.  If you find that Plaintiff has not proven each of

22

these elements by clear and convincing evidence, your verdict should be for the Defendants on

this claim.

**INSTRUCTION NO. 18**

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## INSTRUCTION NO. 19

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Paper versions of exhibits received in evidence will also be provided to you.) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the

computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

## INSTRUCTION NO. 20

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 21

It is the duty of the court to instruct you as to the measure of damages.  By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered. If you find for Plaintiff Humann on any of her claims, you must determine her damages.  Plaintiff Humann has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff Humann for any injury you find was caused by a defendant or defendants.

**Claims 1, 2, and 3**

In determining the measure of damages for Plaintiff Humann's wrongful termination and First Amendment retaliation claims (Claims 1, 2, and 3), you should consider:

1. Back Pay: The reasonable value of past wages and employment benefits lost by Plaintiff Humann, from January 1, 2012 to the date of trial, decreased by earnings from another employer;

2. Future Economic Damages: The reasonable value of future earnings and employment benefits lost by Plaintiff Humann, decreased by projected future earnings from another employer;

3. Emotional Distress: The amount of emotional harm to Plaintiff Humann caused by the City of Edmonds' wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by Plaintiff Humann in the future.

**Claim 4**

In determining the measure of damages for Plaintiff Humann's defamation claim (Claim 4), you should consider each of the following elements of damage proved by the evidence to have been caused by Defendant's defamatory statements:

1.   Impairment of reputation and standing in the community suffered by Plaintiff Humann and reasonably likely to be suffered in the future;

2.   Emotional distress, humiliation, inconvenience, and anxiety experienced by Plaintiff Humann and reasonably likely to be experienced in the future; and

3.   Future economic damages: The reasonable value of future earnings and employment benefits lost by Plaintiff Humann, decreased by projected future earnings from another employer;

Any award for future economic damages must be for the present cash value of those damages. Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received. The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

## INSTRUCTION NO. 22

The plaintiff, Debi Humann, has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To establish a failure to mitigate, the City of Edmonds has the burden of proving:

(1)     There were openings in comparable positions available for Plaintiff Humann elsewhere after she was terminated and/or laid off;

(2)     Plaintiff Humann failed to use reasonable care and diligence in seeking those openings; and

(3)     The amount by which damages would have been reduced if Plaintiff Humann had used reasonable care and diligence in seeking those openings.

You should take into account the characteristics of Plaintiff Humann and the job market in evaluating the reasonableness of her efforts to mitigate damages.

If you find that the City has proved all of the above, you should reduce your award of damages for wage loss accordingly.

## INSTRUCTION NO. 23

You should not award damages more than once for the same harm.

## INSTRUCTION NO. 24

From time to time during the trial, it may have become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## INSTRUCTION NO. 25

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

**INSTRUCTION NO. 26**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 27

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 28

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## INSTRUCTION NO. 29

I will now say a few words about your conduct as jurors.

First, keep an open mind, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you have received all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.