The Honorable Marsha J. Pechman

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

DEBI HUMANN,

                Plaintiff,

    vs.

CITY OF EDMONDS, a municipal
corporation; and  MICHEAL COOPER, in his
individual and official capacities,

              Defendants.

CASE NO.:  2:13-cv-00101-MJP

**PLAINTIFF'S MOTION FOR PRE-
AND POST- JUDGMENT
INTEREST AND TAX
CONSEQUENCE ADJUSTMENT**

**NOTING DATE: DECEMBER 19,
2014**

      On November 14, 2014, the jury awarded Plaintiff Debi Humann back pay (January 1, 2012 to present) of $135,351 and future economic damages of $400,000.  Verdict Form (Dkt. 154).  Plaintiff Debi Humann seeks the following post-judgment relief: (1) prejudgment interest to be added to her award for lost wages; (2) adjustment for additional tax liability caused by lump sum payment of back wages and future economic damages; and (3) post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## I.     ARGUMENT

**A.    The Court Should Affix Pre-judgment Interest on Lost Earnings of $135,351.**

      Under Washington law, a prevailing plaintiff is entitled to prejudgment interest at the rate prescribed by RCW 19.52.020(1).  *Stevens v. Brink's Home Sec., Inc.*, 162 Wn.2d 42, 50

PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT
INTEREST AND TAX CONSEQUENCE ADJUSTMENT - 1
Case No. 2:13-cv-00101-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

(2007). In *Stevens,* the Washington Supreme Court held that prejudgment interest is appropriate for all back wages awarded because back wages are a liquidated claim.  *Id.* A liquidated claim exists when "the amount of prejudgment interest can be determined from the evidence with exactness and without reliance on opinion or discretion."  *Id.*  The Court went on to explain that "a dispute over the claim, in whole or in part, does not change the character of a liquidated claim to unliquidated.'" *Id.*

Washington State law provides for prejudgment interest at the rate of 12%/yr.  RCW 19.52.020(1).  The federal law is silent on the rate of prejudgment interest.  28 U.S.C. § 1960.  However, the Ninth Circuit has made clear that prejudgment interest is an element of compensation, not a penalty, and has the primary goal of making an aggrieved party whole. *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1096 (E.D. Cal. 2011) citing *Dishman v. UNUM Life Ins. Co. of Am.,* 269 F.3d 974, 988 (9th Cir. 2001). Since the back pay award arises from the September 2011 wrongful discharge under state law and since state law affords a statutory prejudgment rate, application of the state rate is appropriate. Economist Robert T. Patton, Ph.D. calculated the prejudgment interest arising from the economic loss of lost earnings of $135,351.  Patton Report at 2, attached to Declaration of Beth Barrett Bloom (12/02/14) ("Bloom Decl.").  At this rate, the Court should affix prejudgment interest of $21,739.

**B.      The Court Should Adjust the Judgment to Compensate for the Tax Consequences of a Lump Sum Wage Award.**

Where a plaintiff is awarded back pay or front pay and receives those damages in a lump sum, the plaintiff must pay additional taxes she would not have paid had she received these wages in the normal course of employment. *See Pham v. Seattle City Light*, 159 Wn.2d 527, 533 (2007). *See also* Declaration of Scott B. Minnig CPA (11/26/14). The increased tax

PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT
INTEREST AND TAX CONSEQUENCE ADJUSTMENT - 2
Case No. 2:13-cv-00101-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104–1798 ~  (206) 682-6711

burden is due to the impact of lump sum payment, which places the plaintiff in a higher tax bracket during the year of receipt. *Id.* To address the negative consequences of the lump sum wage payments, courts award compensation for the additional tax liability incurred because of the lump sum payment.

The leading case in Washington is *Blaney v. Int'l Ass'n of Machinists & Aerospace Workers*, 151 Wn.2d 203, 216, 87 P.3d 757 (2004).   In that case, the Washington Supreme Court recognized its goal was to make the plaintiff whole for injuries suffered on account of unlawful employment actions. *Id.* at 215. Affirming *Blaney*, the Washington Supreme Court reasoned:

> [C]ourts and commentators have consistently contemplated adverse tax consequences in an employment discrimination case to be the difference between the taxes to be paid on the single lump sum award for front and back pay and the amount of taxes the employee would have paid had he or she earned the wages in due course.

*Pham,* 159 Wn.2d at 537.  Providing an offset for the additional tax consequences ensures that the plaintiff receives the value of the wages withheld without the penalties triggered by the tax code.   *Blaney,* 151 Wn.2d at 216. A tax offset is an equitable remedy consistent with the remedial purpose of making the victim whole.   *Id.*   Tax offset awards in Washington State courts are routine.  *See, e.g., Marshall v State; Reves v Triumph Composite Systems*, attached to Bloom Decl.

Federal courts use the same equitable powers bestowed on them to extend tax offsets on economic damages recovered by the prevailing plaintiff. Both the Third and Tenth Circuits have affirmed supplemental awards to offset increased tax liability. *Sears v. Atchison, Topeka & Santa Fe Ry., Co.,* 749 F.2d 1451, 1456 (10th Cir. 1984) (awarding additional compensation for tax liability incurred as a result of receiving 17 years of back pay in a lump sum); *Eshelman*

PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT
INTEREST AND TAX CONSEQUENCE ADJUSTMENT - 3
Case No. 2:13-cv-00101-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~  (206) 682-6711

*v. Agere Systems, Inc.,* 554 F.3d 426 (3rd Cir. 2009).  *See also O'Neill v Sears, Roebuck & Co.,* 108 F.Supp.2d 443, 446 (E.D. Pa. 2000) ("Plaintiff is entitled to an award for negative tax consequences…").

In *Eshelman,* the Third Circuit approved recovery of a sum to compensate the plaintiff in an Americans with Disabilities Act case for additional tax consequences arising from a lump sum award.  554 F.3d 426 (3rd Cir. 2009).  In awarding the adjustment, the district court acted correctly "to restore the employee to the economic status quo that would exist but for the employer's conduct." *Id.* at 441 (citation and internal quotation omitted).  As the Third Circuit reasoned, fair and equitable relief includes an award to offset the additional tax consequences that would not exist but for the employer's wrongful conduct.  *Id.* at 441-443.

The remedial purpose of the state and federal claims at issue in the Humann case supports an award for additional tax consequences.  The wrongful termination claims provide for recovery of damages representing the amount of wages Ms. Humann "would have earned had she not been discharged." *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 448-49, 815 P.2d 1362, 1374-75 (1991) (citations omitted). As remedial legislation, § 1983 is to be "construed generously to further its primary purpose," *Gomez v. Toledo,* 446 U.S. 635, 639, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), which is to provide for the "compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir.) *cert. denied sub nom*. *City of Los Angeles, Cal. v. Chaudhry*, 135 S. Ct. 295 (2014).  It follows that, to receive the amount of wages Ms. Humann would have earned and to compensate her for her injuries, the Court should grant an upward adjustment reflecting the added tax burden caused by the lump sum nature of the award.

PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT
INTEREST AND TAX CONSEQUENCE ADJUSTMENT - 4
Case No. 2:13-cv-00101-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

In this case, Plaintiff was awarded $135,351 for lost wages for the tax years 2012, 2013, and 2014. The jury awarded $400,000 for future economic damages arising through tax year 2023.  *See* Patton Report, attached to Bloom Decl. The lump sum amount awarded in 2014 will create an added tax liability for that tax year.  According to Plaintiff's CPA, if she receives payment of this award in 2014, her additional tax liability requires an upward adjustment of $66,076.  Minnig Decl.  Ms. Humann would not owe this additional tax liability if she had been paid in the ordinary course of her employment rather than in a lump sum payment.  *Id.* The additional tax liability is a consequence of Defendants' wrongful conduct. Accordingly, a supplemental award in this amount is appropriate in order to make her whole.

### C.    Ms. Humann is Entitled to Post-Judgment Interest.

Ms. Humann is entitled to post-judgment interest as a matter of law.  28 U.S.C. § 1961(a) mandates, "Interest shall be allowed on any money judgment in a civil case recovered in a district court."  "Interest accrues from the date of a judgment whether or not the judgment expressly includes it, because 'such interest follows as a legal incident from the statute providing for it.'" *Waggoner v. R. McGray, Inc*., 743 F.2d 643, 644 (9th Cir. 1984); *Tinsley v. Sea-Land Corp*., 979 F.2d 1382, 1384 (9th Cir. 1992). Ms. Humann seeks a final judgment awarding her post-judgment interest from entry of judgment on November 18, 2014 until the judgment is satisfied.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff Humann respectfully asks the Court to enter a supplemental judgment in the amount of $21,739 for pre-judgment interest; $66,076 to compensate for the tax consequences of the lump sum award; and awarding Ms. Humann post-judgment interest from November 18, 2014 until judgment is satisfied.

PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT
INTEREST AND TAX CONSEQUENCE ADJUSTMENT - 5
Case No. 2:13-cv-00101-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~  (206) 682-6711

DATED this 1st day of December, 2014.


FRANK FREED SUBIT & THOMAS LLP


By: _____/s/ Beth Barrett Bloom_____
Beth Barrett Bloom, WSBA # 31702
Jillian M. Cutler, WSBA #39305
Attorneys for Plaintiff Debi Humann
705 Second Avenue, Suite 1200
Seattle, Washington  98104
Phone: (206) 682 6711
Email:  bbloom@frankfreed.com

PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT
INTEREST AND TAX CONSEQUENCE ADJUSTMENT - 6
Case No. 2:13-cv-00101-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

## CERTIFICATE OF ELECTRONIC FILING

I, Sheila Romoff, hereby certify that on December 1, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants City of Edmonds**

Jayne L. Freeman
Keating, Bucklin & McCormack
800 Fifth Avenue, Suite 4141
Seattle, WA  98104-3175

**Attorneys for Defendant Micheal Cooper**

John T. Kugler
Turner Kugler Law, PLLC
4700 42nd Ave. SW, Suite 5940
Seattle, WA  98116

I also hereby certify that I have mailed by U.S. Postal Service, First Class Postage prepaid, the foregoing document to the following non-CM/ECF participants:  NONE.

DATED this 1st day of December, 2014 at Seattle, Washington.

Sheila Romoff

PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT
INTEREST AND TAX CONSEQUENCE ADJUSTMENT - 7
Case No. 2:13-cv-00101-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711