UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBI HUMANN, | CASE NO. C13-101 MJP |
| Plaintiff, | ORDER ON DEFENDANT CITY OF EDMONDS'S MOTION FOR RENEWAL OF JUDGMENT AS A MATTER OF LAW |
| v. | |
| CITY OF EDMONDS, a municipal corporation, and MICHEAL COOPER, in his individual and official capacities, | |
| Defendants. | |

THIS MATTER comes before the Court on Defendant City of Edmonds's renewed Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial re First Amendment Retaliation Claims. (Dkt. No. 185.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 194), and Defendant's Reply (Dkt. No. 196), the Court hereby DENIES the Motion.

**Background**

Plaintiff won a jury verdict on her claims against the City of Edmonds ("City") and former Mayor Micheal Cooper after an eleven-day trial in October and November of 2014. (See Dkt. No. 159.) Prior to the case being submitted to the jury, the Court eliminated one count of

1  First Amendment retaliation against the City pertaining to the actions of the City Council. (See
2  Dkt. No. 149.)

3      This Motion challenges the jury's verdict on Plaintiff's First Amendment retaliation
4  claim against the City based on Plaintiff's whistleblower complaint and/or press release and
5  Mayor Earling's rehiring and layoff of Plaintiff at the end of 2011. Defendant City of Edmonds
6  argues no reasonable jury could find for Plaintiff on this claim given the lack of evidence that
7  Plaintiff's speech was a "substantial or motivating factor" in the termination decision (Dkt. No.
8  185 at 13–18) and contends Mayor Earling would have made the same decision in the absence of
9  Plaintiff's speech because his choices were compelled by the prior actions of City Council (id. at
10 18–21). The City also repeats its argument that the layoff (in combination with the decision to
11 rehire Plaintiff on a temporary basis) was not an "adverse employment action." (Id. at 12–13; see
12 Order on Summary Judgment, Dkt. No. 87 at 9.)

13     The Parties are familiar with the facts of the case and they will not be reviewed at length
14 here. In support of its contentions, the City points to the fact that Mayor Earling was not in office
15 when the City Council vote took place; suggests Mayor Earling would have little incentive to
16 punish Plaintiff's speech criticizing Mayor Cooper, Mayor Earling's political adversary; and
17 quotes Mayor Earling's testimony about his decision to rehire and lay off Plaintiff and contrasts
18 it with Plaintiff's perception of why he took those actions. (Dkt. No. 185 at 5.) The City also
19 asserts Mayor Earling had little choice in the matter because he would have had to request
20 additional funding from the City Council. (Id. at 7.) Plaintiff counters that Mayor Earling was
21 aware of the widespread negative publicity occasioned by her speech, Mayor Earling's testimony
22 that he lacked any choice as to whether to lay off Plaintiff was undermined by the video of the
23 City Council meeting played at trial in which multiple council members and the former Mayor
24

ORDER ON DEFENDANT CITY OF EDMONDS'S
MOTION FOR RENEWAL OF JUDGMENT AS A
MATTER OF LAW- 2

1    Cooper stated that the incoming mayor would be able to request more funding for the human

2    resources department (see Trial Ex. 106), Mayor Earling admitted on cross examination that he

3    could have laid off another member of the department in lieu of Plaintiff (see Dkt. No. 201, Tr.

4    11/3/2014 at 26:1–19), and Mayor Earling in fact did request additional money from City

5    Council to fund another position in the department two months after laying off Plaintiff (see

6    Trial Ex. 127). (See Pl's Resp., Dkt. No. 194 at 2–7.)

7                                              **Discussion**

8         I.       Legal Standard

9         In considering a Rule 50(b)(3) motion for judgment as a matter of law, the Court must

10   uphold the jury's award if there was any "legally sufficient basis" to support it. Experience

11   Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 762 F.3d 829, 842 (9th Cir. 2014). In making that

12   determination, the Court considers all of the evidence in the record, drawing all reasonable

13   inferences in favor of the nonmoving party (here, Plaintiff); the court may not make any

14   credibility determinations or reweigh the evidence. Id.

15        In considering a Rule 59(a) motion for a new trial, the Court "is not required to view the

16   trial evidence in the light most favorable to the verdict. Instead, the district court can weigh the

17   evidence and assess the credibility of the witnesses." Id. at 842. The Court may grant a new trial

18   "if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious

19   evidence, or to prevent a miscarriage of justice." Molski v. M.J. Cable, Inc., 481 F.3d 724, 729

20   (9th Cir. 2007) (quotation marks and citation omitted).

21        On her First Amendment retaliation claim, Plaintiff had to show by a preponderance of

22   the evidence that she (1) filed the whistleblower complaint, issued the press release, and/or made

23   statements to the press; (2) the City of Edmonds took an adverse employment action against her

24

ORDER ON DEFENDANT CITY OF EDMONDS'S
MOTION FOR RENEWAL OF JUDGMENT AS A
MATTER OF LAW- 3

by Mayor Earling laying her off on December 31, 2011; and (3) her speech or petition was a

substantial or motivating factor for the adverse employment action or actions. (See Final

Instructions to the Jury, Dkt. No. 150 at 20–21.) See also Karl v. City of Mountlake Terrace, 678

F.3d 1062, 1068 (9th Cir. 2012). The burden then shifted to the government to show by a

preponderance of the evidence the City would have taken the adverse employment action even

absent the protected speech. (Dkt. No. 150 at 21.) Karl, 678 F.3d at 168.

 II.  Substantial or Motivating Factor

  Citing Plaintiff's complaint, Defendant claims the evidence against Mayor Earling

presented at trial was premised on a conspiracy or scheme between, among others, members of

the City Council and the incoming Mayor Earling. (See Dkt. No. 185 at 3–4.) Defendant argues

that because the Court held there was insufficient evidence to send the First Amendment

retaliation claim to the jury based on the City Council's decision to eliminate funding for Ms.

Humann's position, there was similarly insufficient evidence to support the jury's verdict against

the City for Mayor Earling's decision to rehire and then lay off Ms. Humann pursuant to the City

Council budget. (See id.) Defendant hypothesizes that if the City Council vote had been

presented as "lawful" at trial, testimony about the background for the City Council decision,

including references to executive sessions prior to Mayor Earling's tenure, would have been

excluded and there would have been no evidence to support the verdict. (Id. at 4, 10–12.)

  Contrary to Defendant's contentions, the complicated factual scenario leading up to

Mayor Earling's actions in simultaneously rehiring and terminating Plaintiff was relevant to the

First Amendment claim against the City for Mayor Earling's actions even in the absence of a

First Amendment claim based on the City Council vote. Indeed, without an explanation of the

background events, his actions would have made little sense. The limited information provided

1    about the subject matter and date of the executive sessions prior to Mayor Earling's tenure was

2    relevant to demonstrating that Plaintiff's whistleblower complaint and the resulting negative

3    publicity was being treated as a matter of urgency within the City during the weeks prior to

4    Mayor Earling taking office; Defendant has not demonstrated that it would have been excluded.

5    Meanwhile, any references to a conspiracy in Plaintiff's complaint were not repeated at trial; the

6    complaint itself was not operative at trial and was not seen by the jury.

7          Evidence that a jury can credit regarding retaliatory motive where the defendant was

8    clearly aware of the protected speech includes proximity in time between the protected action

9    and the allegedly retaliatory employment decision, the employer's expression of opposition to

10   the speech, and evidence that the employer's proffered explanations for the adverse employment

11   action were false and pretextual. See Coszalter v. City of Salem, 320 F.3d 968, 977 (9th Cir.

12   2003). Here, the jury's conclusion with respect to the "substantial or motivating factor" element

13   was supported by evidence on the first and third types of evidence, namely, timing and evidence

14   that Mayor Earling's assertion that the City Council budget prevented him from retaining

15   Plaintiff was pretextual given his ability to request additional funding from City Council or

16   choose a less experienced employee for layoff. Furthermore, although the City argues Mayor

17   Earling would have had little reason to defend Mayor Cooper's original decision to terminate

18   Plaintiff, Mayor Earling certainly had the motive to defend the City against negative publicity for

19   that decision. Although Mayor Earling may not have admitted to such a motive, the Court does

20   not second-guess the jury's credibility judgments with respect to witness testimony.

21          III.    Adverse Employment Action

22          The City also argues that Mayor Earling's rehiring-and-termination maneuver—

23   admittedly unique in the case law—was not an adverse employment action. As the Court noted

24

ORDER ON DEFENDANT CITY OF EDMONDS'S
MOTION FOR RENEWAL OF JUDGMENT AS A
MATTER OF LAW- 5

1   on summary judgment, the adversity standard is a relatively low bar: the action must be

2   "reasonably likely to deter [an employee] from engaging in protected activity." See Coszalter,

3   320 F.3d at 976. None of the basic facts about Mayor Earling's actions has changed from the

4   scenario described on summary judgment. The jury could rationally conclude that Mayor

5   Earling's response to Plaintiff's whistleblower complaint and press release—rehiring and

6   terminating Plaintiff in quick succession, accompanied by an equivocal announcement in which

7   he claimed to "give Ms. Humann the benefit of the doubt" regarding her clash with Mayor

8   Cooper over alleged misuse of public funds—was reasonably likely to deter a person in Ms.

9   Humann's position from filing a whistleblower complaint seeking reinstatement and issuing a

10  press release about the events that led to her initial unlawful firing.

11       IV.     Same Decision in Absence of Speech

12       As Defendant implies, the counterfactual element on which the City bears the burden

13  squares somewhat awkwardly with the complicated facts at hand: Did the City prove that Mayor

14  Earling would have made the "same decision" in rehiring and terminating Plaintiff had Plaintiff

15  not filed her whistleblower complaint seeking reinstatement or issued a press release? (See Dkt.

16  No. 185 at 18–19.) However, the jury was entitled to conclude that Mayor Earling would not

17  have terminated Plaintiff and instead would have sought additional funding for the position from

18  City Council or would have chosen to retain her over a less experienced employee had she not

19  drawn negative attention to the City through her press release and complaint.

20       V.      New Trial

21       Defendant moves for a new trial based on the contention that the City was "unduly

22  prejudiced" by having to defend Mayor Earling's decision alongside evidence about the City

23  Council's vote defunding Plaintiff's position and evidence about her initial termination by Mayor

24

ORDER ON DEFENDANT CITY OF EDMONDS'S
MOTION FOR RENEWAL OF JUDGMENT AS A
MATTER OF LAW- 6

1  Cooper. (Dkt. No. 185 at 21.) Since the factual background to Mayor Earling's decision was

2  relevant to both the decision Mayor Earling made and the options he faced, the presentation of

3  this category of evidence would not be avoided by a new trial solely on Mayor Earling's liability.

4  Defendant's objections do not rise to the level of a miscarriage of justice and do not indicate to

5  the Court that the clear weight of the evidence was against the jury's verdict.

6  **Conclusion**

7        The City does not merit judgment as a matter of law on the questions of retaliatory

8  motive, adverse employment action, or whether Mayor Earling would have made the same

9  decision in the absence of Plaintiff's protected speech. Neither is the City entitled to a new trial

10 on the basis that it was unduly prejudiced by the presentation of evidence about events prior to

11 Mayor Earling taking office. The City's Motion is therefore DENIED in full.

12

13       The clerk is ordered to provide copies of this order to all counsel.

14       Dated this 13th day of April, 2015.

15

16

17

    Marsha J. Pechman

18     Chief United States District Judge

19

20

21

22

23

24

ORDER ON DEFENDANT CITY OF EDMONDS'S
MOTION FOR RENEWAL OF JUDGMENT AS A
MATTER OF LAW- 7