UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBI HUMANN,<br><br>             Plaintiff,<br><br>    v.<br><br>CITY OF EDMONDS et al.,<br><br>             Defendants. | CASE NO. C13-101 MJP<br><br>ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND [NONTAXABLE] COSTS |

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs. (Dkt. No. 165.) Having reviewed the Motion, Defendant City of Edmonds' Response (Dkt. No. 183), Defendant Micheal Cooper's Response (Dkt. No. 184), Plaintiff's Reply (Dkt. No. 190), and all related papers, the Court hereby GRANTS the Motion in part, DENIES it in part, and ORDERS Plaintiff to submit an additional brief as detailed below.

**Background**

Plaintiff Debi Humann prevailed at trial in her claims against Micheal Cooper and the City of Edmonds on the following counts: defamation (the only claim against Micheal Cooper directly), wrongful termination in violation of public policy with respect to the initial termination

and the later rehiring and layoff, and First Amendment retaliation with respect to the rehiring and layoff only. (See Jury Verdict, Dkt. No. 154; Judgment, Dkt. No. 159.) She did not prevail on her First Amendment retaliation claim based on the City Council funding decision or her due process stigma-plus claim—counts on which the Court granted motions for judgment as a matter of law. (See Dkt. Nos. 149, 152.)

Plaintiff now seeks attorney's fees and nontaxable costs from the City of Edmonds. Taxable costs, including witness fees, transcript fees, and fees of the Clerk, were requested and granted in part under separate motion. (See Dkt. Nos. 163, 204.)

**Analysis**

I.   Legal Standard

42 U.S.C. § 1988(b) provides for an award of attorney's fees to prevailing parties if the action is brought under certain enumerated statutes, including § 1983. See Sole v. Wyner, 551 U.S. 74, 77 (2007). Similarly, RCW 49.48.030 provides for attorney's fees in connection with employment suits where the plaintiff is "successful in recovering judgment for wages or salary owed to him or her." (As Plaintiff points out, the Washington Supreme Court has interpreted this language to extend to actions that recover front pay as well as back pay. See Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett, 146 Wn.2d 29, 35 (2002).) The tort of defamation (the only count against Micheal Cooper) does not permit fee-shifting, though Plaintiff reduced the total fee request somewhat to account for that claim. (See Dkt. No. 165 at 5.) Attorney's fees are calculated by the "lodestar" method, in which the Court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363–64 (9th Cir. 1996), amended by 108 F.3d 981 (9th Cir. 1997).

Expenses or costs that are nontaxable under 28 U.S.C. § 1920 may also be recovered as part of attorney's fees under § 1988 and other federal fee-shifting statutes. See Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1257–58 (9th Cir. 2006).

II.     Lodestar Calculation

Defendant City of Edmonds objects to the rates used to in Plaintiff's proposed lodestar calculation. Specifically, Defendant notes that Plaintiff is requesting fees at counsel's current billing rates rather than the rates in effect at the time the work was done. (See Dkt. No. 182 at 3–4; Freeman Decl., Dkt. No. 183, Ex. D.) The Supreme Court has endorsed the use of current rates in complex civil rights litigation where a delay in payment stretches over many years. See Missouri v. Jenkins, 491 U.S. 274, 283–84 (1989). Here, however, Plaintiff is seeking an adjustment for hours billed from 2012 on—a mere three years' delay for the earliest expenditures. As the Ninth Circuit has explained in a case distinguishing Missouri v. Jenkins, a two-year delay does not impose significant costs due to the time value of money and thus historical rates may be more accurate. Corder v. Brown, 25 F.3d 833, 838–39 (9th Cir. 1994). Here, too, the amount by which Plaintiff's counsel increased their rates over time ($50/hour increase in the case of Ms. Cutler and $70/hour increase in the case of Ms. Bloom) is more likely attributable to increasing skill and experience (including experience litigating this case) than to, for example, inflation. (See Freeman Decl, Dkt. No. 183, Ex. D.) Defendant's downward adjustments to the fee request—a reduction of $28,850—is appropriate in this context.

III.     Excessive or Dead-End Work and Lack of Success

Defendant City of Edmonds argues Plaintiff should not be able to bill for excessive or unnecessary time on depositions and for claims that were abandoned or on which she did not succeed at trial. Where a plaintiff is successful on only some claims, the court must determine

1 | whether the successful and unsuccessful claims were related. See Tutor-Saliba Corp. v. City of
2 | Hailey, 452 F.3d 1055, 1063 (9th Cir. 2006). Here, Plaintiff's claims all arose from a common
3 | core of facts, so they are related. See O'Neal v. City of Seattle, 66 F.3d 1064, 1069 (9th Cir.
4 | 1995). When the claims are related, "the court must . . . [determine] the significance of the
5 | overall relief obtained by the plaintiff in relation to the hours reasonably expended. If the
6 | plaintiff obtained excellent results, full compensation may be appropriate, but if only partial or
7 | limited success was obtained, full compensation may be excessive." O'Neal, 66 F.3d at 1068–69
8 | (internal quotation marks and citations omitted).

9 |      Here, Plaintiff achieved remarkable results, including a total damages award of
10 | $1,035,351. (Dkt. No. 159.) Her failure to prevail on the stigma-plus claims and claims based on
11 | the City Council vote likely had a small impact on her total recovery, since they could be
12 | considered alternative legal theories based on the same core facts (namely, the two terminations).
13 | See Duffy v. City of Desert Hot Springs, 342 Fed. App'x 279, 282 (9th Cir. 2009). Plaintiff is
14 | also correct that the facts about the City Council vote were essential to the presentation of Mayor
15 | Earling's decision to rehire Plaintiff and then lay her off; depositions of City Council members
16 | were therefore helpful at trial. Even with the benefit of hindsight, none of the depositions
17 | Plaintiff chose to pursue was unnecessary. And while Plaintiff took more depositions than are
18 | allowed under Fed. R. Civ. P. 30(a)(2) without formal leave of the Court, Defendant agreed to
19 | the additional depositions and cannot be heard to complaint now. (See Dkt. No. 191, Ex. A.)

20 |      Plaintiff admits that certain items were intended to be omitted from the lodestar
21 | calculation but were inadvertently included, including the following categories of billing entries:
22 | an unsuccessful motion to compel Susan Coskey and related work product protection research;
23 | research regarding legislative immunity/deliberative process protection; Plaintiff's Rule 50
24 |

motions; multiple attorney attendance at mediation; an email with counsel regarding mediation; and clerical errors. (See Cutler Decl., Dkt. No. 191 at 8.) Because many of these categories may have been inflated by contemporary billing rates under the Court's determination that historical rates are more accurate, the full $21,808.13 may not need to be deducted. In addition, it is unclear how the parties reached such different totals for the Coskey issues (Plaintiff calculates $14,245 and Defendant $23,995 (see Dkt. Nos. 191 at 8, 182 at 8)). Plaintiff is therefore ordered to submit a brief recalculating the admitted deductions using historical billing rates, justifying the exclusion of any items counted by Defendant but not Plaintiff relating to the Coskey briefing, and providing a renewed fee request that takes into account the issues resolved by this Order.

IV.     Costs

The Clerk has already awarded Plaintiff most of the taxable costs she requested. (Dkt. No. 204.) Defendant does not oppose Plaintiff's nontaxable expenses request; the Court finds that the total $30,794.83 requested is reasonable.

**Conclusion**

Because historical billing rates are more appropriate given the relatively brisk conduct of the case, the Court GRANTS the Motion for fees and costs against Defendant City of Edmonds in part and DENIES it in part. Plaintiff is hereby ORDERED to submit an additional brief of no more than three (3) pages within ten (10) days recalculating the admitted deductions using historical rates, justifying the exclusion of any items counted by Defendant but not Plaintiff related to the Coskey briefing, and providing a renewed fee request in accordance with this Order.

The clerk is ordered to provide copies of this order to all counsel.

1
2
3       Dated this 24th day of April, 2015.
4
5
6                                                   Marsha J. Pechman
7                                                   Chief United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND [NONTAXABLE]
COSTS- 6