UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBI HUMANN,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF EDMONDS, et al.,<br><br>    Defendants. | CASE NO. 2:13-cv-00101<br><br>ORDER ON PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT INTEREST AND TAX CONSEQUENCE ADJUSTMENT |

   THIS MATTER comes before the Court on Plaintiff's Motion for Pre- and Post-Judgment Interest and Tax Consequence Adjustment. (Dkt. No. 160.) Having reviewed the Motion, Defendant City of Edmonds' Response (Dkt. No. 178), Defendant Micheal Cooper's Response (Dkt. No. 180), Plaintiff's Reply (Dkt. No. 187), and all related papers, the Court hereby GRANTS the Motion and ORDERS Plaintiff to recalculate the prejudgment interest as detailed below.

1

**<u>Background</u>**

2

On November 14, 2014, Plaintiff Debi Humann prevailed at trial in her claims against

3

Micheal Cooper and the City of Edmonds on the following counts: defamation and wrongful

4

termination in violation of public policy. (<u>See</u> Jury Verdict, Dkt. No. 154; Judgment, Dkt. No.

5

159.) The jury awarded Plaintiff back pay (January 2012 to present) of $135,351 and future

6

economic damages of $400,000. (Dkt. No. 154 at 2.) The jury's verdict form does not distinguish

7

between the damages awarded for state law claims (wrongful termination in violation of public

8

policy) and Section 1983 claims (First Amendment retaliation). Plaintiff now seeks the following

9

postjudgment relief: (1) prejudgment interest to be added to her award for back pay; (2)

10

adjustment for additional tax liability caused by lump sum payment of back pay and future

11

economic damages; and (3) postjudgment interest pursuant to 28 U.S.C. § 1961(a).

12

Plaintiff contends that she is entitled to pre- and postjudgment interest pursuant to federal

13

law and that the Court should adjust the judgment to compensate for the additional tax liability

14

incurred as a result of Defendant's unlawful employment action. (Dkt. No. 160.) Defendant

15

argues that because it is a municipality, it is immune from prejudgment interest and

16

postjudgment interest should be determined pursuant to RCW 4.56.115. (Dkt. No. 177.)

17

Defendant also argues that tax adjustments for additional tax liability are limited to Title VII

18

discrimination cases and not allowed under § 1983. (<u>Id.</u>) These arguments are addressed below.

19

20

**<u>Analysis</u>**

21

I.      <u>Prejudgment Interest</u>

22

Plaintiff requests prejudgment interest on the jury's verdict granting back pay in the

23

amount of $135,351 pursuant to the two state wrongful termination claims and the federal First

24

1    Amendment retaliation claim. (See Pltf.'s Mot., Dkt. No. 160 at 1–2; Dkt. No. 154 at 2.)

2    Defendant does not contest the liquidated status of the back pay award, but objects that

3    Washington municipalities are immune from prejudgment interest (but not the judgment itself or

4    postjudgment interest), citing a state case which interprets a state statute explicitly permitting

5    postjudgment interest while remaining silent on prejudgment interest. See Teevin v. Wyatt, 75

6    Wn.App. 110, 114 (1994) (citing RCW 4.56.115). This state case does not, however, address the

7    situation here, where the underlying liability for the Washington municipality is equally based on

8    a federal constitutional violation and § 1983. See Murphy v. City of Elko, 976 F. Supp. 1359,

9    1363 (D. Nev. 1997) ("We see no principled reason not to [ ] compute prejudgment interest in

10   accordance with federal law [in Section 1983 cases], and we think the Ninth Circuit would so

11   conclude as well."). Particularly because cities have no sovereign immunity under the Tenth

12   Amendment, it is not clear why a state statute specifying a rate for postjudgment interest would

13   preclude prejudgment interest from being levied on a judgment on a federal claim. See Monell v.

14   Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 n.54 (1978). Circuit courts have

15   rejected similar arguments. See, e.g., E.E.O.C. v. Erie Cnty., 751 F.2d 79, 81 (2d Cir. 1984)

16   ("Defendants' most fundamental contention is that prejudgment interest cannot be awarded

17   against a state or local government absent express statutory authorization. This argument lacks

18   merit.").

19         Prejudgment interest is usually appropriate because "a monetary award does not fully

20   compensate for an injury unless it includes an interest component." United States v. Bell, 602

21   F.3d 1074, 1084 (9th Cir. 2010), as amended by 734 F.3d 1223 (9th Cir. 2013) (citation omitted).

22   "Generally, the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is

23   appropriate for fixing the rate of pre-judgment interest." Blankenship v. Liberty Life Assurance

24

ORDER ON PLAINTIFF'S MOTION FOR PRE-
AND POST-JUDGMENT INTEREST AND TAX
CONSEQUENCE ADJUSTMENT- 3

1    Co. of Boston, 486 F.3d 620, 628 (9th Cir. 2007) (internal quotation marks omitted).

2    Furthermore, circuit courts have applied the federal interest rate where the judgment is based on

3    both state and federal law. See, e.g., Cioffi v. New York Cmty. Bank, 465 F.Supp.2d 202, 222

4    (E.D.N.Y. 2006) ("[I]n cases where the judgment is based on violations of both state and federal

5    law, it is common practice in the Second Circuit to apply the federal interest rate pursuant to 28

6    U.S.C. § 1961(a).").

7         The Court notes that the applicable federal interest rate (weekly average 1-year constant

8    maturity [nominal] Treasury yield) is substantially lower than the rate used by Plaintiff's expert

9    to calculate the appropriate interest. Plaintiff is therefore ordered to recalculate the prejudgment

10   interest on the back pay award based on the rate prescribed for postjudgment interest under 28

11   U.S.C. § 1961.

12

13        II.    Tax Adjustment

14        Plaintiff argues the Court should adjust the judgment to compensate for the tax

15   consequences of a lump sum wage award. (Dkt. No. 160 at 2.) In general, a plaintiff that is

16   awarded back or front pay in a lump sum suffers adverse tax consequences that she would not

17   have incurred had she been paid over time. The Washington Supreme Court has approved tax

18   adjustments made to back and front pay to compensate for these adverse consequences under the

19   Washington Law Against Discrimination ("WLAD"). See Pham  v. Seattle City Light, 159

20   Wn.2d 527, 533 (2007). Although the Ninth Circuit has not addressed this issue, certain federal

21   courts have made similar adjustments to Title VII damage awards. The Tenth Circuit has held

22   that it may be appropriate for the district court to increase a back pay award in order to offset the

23   negative tax consequences of receiving a large damages payment in one lump sum. Sears v.

24

1   <u>Atchison, Topeka & Santa Fe Ry., Co.</u>, 749 F.2d 1451, 1456 (10th Cir. 1984). However, the D.C.

2   Circuit has held that "the general rule that victims of discrimination should be made whole does

3   not support 'gross-ups' of back pay to cover tax liability." <u>Dashnaw v. Pena</u>, 12 F.3d 1112, 1116

4   (D.C. Cir. 1994). The Eastern District of Washington has followed the Washington Supreme

5   Court and supports awarding tax adjustments in order to make victims whole. <u>See</u> <u>Jacobson  v.</u>

6   <u>Wash. State Univ.</u>, No. 2:05-cv-00092-FVS, slip op. at 16-17 (E.D. Wash. Nov. 16, 2007).

7   Plaintiff asserts that a tax adjustment is appropriate in order to make her whole. (Pltf's Reply,

8   Dkt. No. 187 at 4.) Neither party has cited a case indicating that tax adjustment is or is not

9   available under Section 1983 or wrongful discharge, although both are employment

10  discrimination claims similar to WLAD and Title VII.

11          Defendant argues that tax adjustments for additional tax liability are limited to Title VII

12  discrimination cases as opposed to § 1983 cases. (Def.'s Resp., Dkt. 177 at 2.) But courts in a

13  wide range of cases have held that the purpose behind awards in employment discrimination

14  cases is to make the injured individual whole and use their equitable powers to achieve that goal.

15  <u>See</u> <u>Blaney v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 160</u>, 151 Wn.2d 203,

16  215 (2004). Federal courts exercise their equitable powers to allow offsets for the federal tax

17  consequences of damage awards under Title VII, the ADEA, and the ADA. <u>See, e.g.</u>, <u>Sears v.</u>

18  <u>Atchison, Topeka & Santa Fe Ry., Co.</u>, 749 F.2d 1451, 1456 (10th Cir. 1984); <u>Eshelman v.</u>

19  <u>Agere Systems, Inc.</u>, 554 F.3d 426, 441–42 (3d Cir. 2009); <u>O'Neill v. Sears, Roebuck and Co.</u>,

20  108 F. Supp. 2d 443, 447 (E.D. Pa. 2000).

21          Although neither party has cited a case awarding a tax adjustment in an employment

22  context under Section 1983, a tax adjustment may nonetheless be granted. Title VII and Section

23  1983 involve analogous principles that courts may use to provide equitable relief. <u>See</u> <u>Davis v.</u>

24

ORDER ON PLAINTIFF'S MOTION FOR PRE-
AND POST-JUDGMENT INTEREST AND TAX
CONSEQUENCE ADJUSTMENT- 5

1    <u>Los Angeles Cnty.</u>, 566 F.2d 1334, 1342 (9th Cir. 1977), <u>rev'd on other grounds</u>, 440 U.S. 625

2    (1979). Defendant argues that Title VII specifically allows for this adjustment because of its

3    broad language: "any other equitable relief as the court deems appropriate." (Dkt. No. 177 at 3-

4    4.) Plaintiff, however, points out that Section 1983 uses similarly broad language: "Every person

5    who, under color of any statute, … subjects, … any citizen of the United States … to the

6    deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

7    liable to the party injured <u>in an action at law, suit in equity, or other proper proceeding for</u>

8    <u>redress</u> …" 42 U.S.C. § 1983 (emphasis added). (Dkt. No. 187 at 3.) Furthermore, Section 1983

9    is remedial and therefore must be construed generously to further its primary purpose, which is

10   to provide for the "compensation of persons injured by deprivation of federal rights and

11   prevention of abuses of power by those acting under color of state law." <u>Gomez v. Toledo</u>, 446

12   U.S. 635, 639 (1980); <u>Chaudhry v. City of Los Angeles</u>, 751 F.3d 1096, 1103 (9th Cir. 2014).

13        The Court finds that a tax adjustment may be granted under Section 1983 and grants

14   Plaintiff's request.

15

16        III.    <u>Postjudgment Interest</u>

17        Plaintiff asserts that she is entitled to postjudgment interest pursuant to 28 U.S.C. §

18   1961(a).  (Dkt. No. 187 at 6.) Defendant argues that any award of postjudgment interest should

19   be determined based on RCW 4.56.115 because it is a municipality.  (Dkt. No. 177 at 6–7.) This

20   Court is bound by the mandatory language of Section 1961, which states that "[i]nterest shall be

21   allowed on <u>any money judgment in a civil case</u> recovered in a district court [. . . .] at a rate equal

22   to the weekly average 1-year constant maturity Treasury yield, as published by the Board of

23   Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the

24

ORDER ON PLAINTIFF'S MOTION FOR PRE-
AND POST-JUDGMENT INTEREST AND TAX
CONSEQUENCE ADJUSTMENT- 6

1    judgment." 28 U.S.C. § 1961(a) (emphasis added). Section 1961(a) governs the accrual of

2    postjudgment interest for state-law claims heard under a federal district court's supplemental

3    jurisdiction.  Reed v. Country Miss, Inc., Nos. 93-5594, 93-5649, 1995 WL 348031 (6th Cir.

4    June 8, 1995); see also Ferguson v. Lander Co., No. 3:06-cv-00328-DEP, 2008 WL 921032, at

5    *23 (N.D.N.Y. Apr. 2, 2008) (stating that where a judgment is based on violations of both

6    federal and state law, courts routinely apply a federal interest rate). Moreover, the Ninth Circuit

7    has "construed the language of section 1961 to be mandatory in [back pay] cases awarding post-

8    judgment interest." Asdale v. International Game Technology, 763 F.3d 1089, 1092 (9th Cir.

9    2014). Therefore, the Court awards postjudgment interest pursuant to 28 U.S.C. § 1961(a).

10

11                                    **Conclusion**

12         The Court GRANTS Plaintiff's motion for pre- and postjudgment interest and tax

13    consequence adjustment. Plaintiff is hereby ORDERED to recalculate the prejudgment interest at

14    the rate prescribed under 28 U.S.C. § 1961(a) and submit it to the Court within ten (10) days of

15    the date of this Order.

16

17         The clerk is ordered to provide copies of this order to all counsel.

         Dated this 3rd day of June, 2015.

18

19

20

21                                         Marsha J. Pechman
                                           Chief United States District Judge
22

23

24

ORDER ON PLAINTIFF'S MOTION FOR PRE-
AND POST-JUDGMENT INTEREST AND TAX
CONSEQUENCE ADJUSTMENT- 7